# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT WHITELEY and HARRY BERGER, individually and on behalf of all others similarly situated,** *Plaintiffs* | : | **CIVIL ACTION** |
| | : | **NO. 19-4959** |
| **v.** | : | |
| **ZYNERBA PHARMACEUTICALS, INC., *et al.*,** *Defendants* | : | |

## ORDER

**AND NOW**, this 25th day of November 2020, upon consideration of Defendants' *motion to dismiss the amended class action complaint*, [ECF 24], Plaintiffs' response in opposition thereto, [ECF 29], Defendants' reply, [ECF 30], and the allegations in the amended complaint, [ECF 21], it is hereby **ORDERED** that the motion is **DENIED**.[1]

---

[1] In this securities fraud class action, Plaintiffs Scott Whiteley and Harry Berger ("Plaintiffs"), individually and on behalf of a purported class, assert claims against Defendants Zynerba Pharmaceuticals, Inc. ("Zynerba"), Armando Anido, and James E. Fickenscher (collectively, "Defendants") premised on Plaintiffs' allegation that they purchased common stock in Zynerba between March 11, 2019, and September 17, 2019 (the "Class Period"), and relied on false and/or misleading public statements made by Defendants in violation of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b). Defendants have moved to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4. Plaintiffs oppose the motion.

Section 10(b) of the Securities Exchange Act of 1934 prohibits fraud in connection with the purchase or sale of securities. *See* 15 U.S.C. § 78j(b). Under Rule 10b-5, in particular, it is unlawful to "make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading." *City of Edinburgh Council v. Pfizer, Inc.*, 754 F.3d 159, 167 (3d Cir. 2014) (quoting 17 C.F.R. § 240.10b–5(b)). To state a claim for securities fraud, a plaintiff must allege facts sufficient to plausibly show (1) a material misrepresentation or omission, (2) scienter, (3) a nexus between the misrepresentation or omission and the purchase or sale of a security, (4) reliance, (5) economic loss, and (6) loss causation. *In re Aetna, Inc. Sec. Litig.,* 617 F.3d 272, 277 (3d Cir. 2010).

In their motion, Defendants argue that Plaintiffs' claims should be dismissed because Plaintiffs failed to allege facts sufficient to plausibly show (1) an actionable statement or omission, or (2) scienter. This Court disagrees. In the amended complaint, Plaintiffs aver that Defendants made various public

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

statements on Zynerba's website and in Zynerba's various filings with the Securities and Exchange Commission ("SEC") with respect to the safety and benefits of its *only* product in development, Zygel, which was, at the time, in Phase 2 of the clinical trial process required for Food and Drug Administration approval. Specifically, Plaintiffs allege that Defendants represented in Zynerba's March 11, 2019 Form 10-K Annual Report, filed with the SEC, that in April 2018, Zynerba had:

> initiated the Phase 2 BELIEVE 1 . . . clinical trial, a six-month open label multi-dose clinical trial designed to evaluate the efficacy and safety of Zygel in children and adolescents (three to 17 years) with DEE . . . Enrollment in this study was complete in December 2018 and 48 patients with confirmed DEE are being dosed in the clinical trial, 27% of whom have either Dravet or Lennox-Gastaut syndrome. Enrolled patients will receive weight-based initial doses of 250 mg daily or 500 mg daily and during the maintenance phase patients may receive up to 1000 mg daily of Zygel. The primary endpoint is change in seizure frequency from baseline.
>
> ***
>
> We believe that Zygel may provide an effective treatment for epilepsy based on the anticonvulsant effects of CBD due to its ability to reduce neuronal hyperexcitability shown in multiple in vivo models of epilepsy and clinical trials conducted by third parties. Epilepsy specialists and patient organizations have shown considerable interest in the potential therapeutic role of CBD in adults with epilepsy and especially, children with DEE.

Plaintiffs further allege that, at the time Defendants made these representations to investors, "Defendants knew but failed to disclose that almost all patients enrolled in the BELIEVE 1 Trial suffered treatment emergent adverse events . . . ." Further, on September 18, 2019, when Defendants publicly revealed the adverse events observed during the BELIEVE 1 clinical trial, the value of Zynerba's stock fell 21.77%. This Court finds that these allegations, accepted as true, are sufficient at this stage of the proceedings to state a claim for securities fraud. Accordingly, Defendants' motion to dismiss is denied.