# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT WHITELEY and HARRY BERGER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Case No. 2:19-cv-04959-NIQA |
| Plaintiffs, | ) ) ) | **ORAL ARGUMENT REQUESTED** |
| v. | ) ) | |
| ZYNERBA PHARMACEUTICALS, INC., ARMANDO ANIDO, and JAMES E. FICKENSCHER, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS'
## MOTION FOR RECONSIDERATION OF THE COURT'S NOVEMBER 25, 2020
## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

## TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................. 1

STANDARD OF REVIEW .............................................................................................. 3

LEGAL ARGUMENT ...................................................................................................... 4

    I.     THE COURT COMMITTED LEGAL ERROR BY FAILING TO
         ACKNOWLEDGE AND APPLY RULE 9(b)'S AND THE PSLRA'S
         HEIGHTENED PLEADING STANDARDS. ....................................................... 4

    II.    THE COURT COMMITTED LEGAL ERROR WHEN CONCLUDING
         THAT PLAINTIFFS ADEQUATELY ALLEGED SCIENTER. ......................... 6

         A.     The Court Erred By Crediting Plaintiffs' Conclusory Allegation
               That The Defendants Had Knowledge of the Adverse Events
               Before the March 11, 2019 Form 10-K. ..................................................... 6

         B.     The Court Erred By Allowing Plaintiffs to Engage In Group
               Pleading................................................................................................... 7

         C.     The Court Erred By Failing To Consider Non-Fraudulent
               Explanations for Zynerba's Reporting Of The Adverse Events At
               The Conclusion Of The BELIEVE 1 Trial. ............................................... 8

    III.   THE COURT ERRED BY CONCLUDING THAT THE FORM 10-K
         WAS ACTIONABLE. ........................................................................................ 9

CONCLUSION............................................................................................................... 10

i

## TABLE OF AUTHORITIES

**CASES**

*Basic Inc. v. Levinson*,
    485 U.S. 224 (1988)...................................................................................................9

*Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc.*,
    246 F. Supp. 2d 394 (E.D. Pa. 2002) ......................................................................3

*City of Edinburgh Council v. Pfizer, Inc.*,
    754 F.3d 159 (3d. Cir. 2014)....................................................................................5

*Glaser v. The9, Ltd.*,
    772 F. Supp. 2d 573 (S.D.N.Y. 2011)......................................................................6

*GSC Partners CDO Fund v. Washington*,
    368 F.3d 228 (3d Cir. 2004)..................................................................................4, 5

*In re Adolor Corporation Securities Litigation*,
    616 F. Supp. 2d 551 (E.D. Pa. 2009) .......................................................................9

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir. 1997)................................................................................4, 9

*In re Energy Future Holdings Corp.*,
    904 F.3d 298 (3d Cir. 2018)......................................................................................3

*In re Innocoll Holdings Pub. Ltd. Co. Sec. Litig.*,
    No. CV 17-341, 2020 WL 1479128 (E.D. Pa. Mar. 25, 2020)............................6, 7

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*,
    311 F.3d 198 (3d Cir. 2002)......................................................................................4

*Institutional Inv'rs Grp. v. Avaya, Inc.*,
    564 F.3d 242 (3d Cir. 2009)...............................................................................4, 5, 6

*Jarzyna v. Home Props., L.P.*,
    No. 104191, 2015 U.S. Dist. LEXIS 184213 (E.D. Pa. Aug. 13, 2015)..................4

*Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*,
    176 F.3d 669 (3d Cir. 1999)......................................................................................3

*Sapir v. Averback*,
    No. 14-7331 (JLL), 2016 WL 554581 (D.N.J. Feb. 10, 2016) ................................7

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)..............................................................................................5, 8

*Winer Family Tr. v. Queen*,
    503 F.3d 319 (3d Cir. 2007)..................................................................................................5, 7, 8

**STATUTES**

15 U.S.C. § 78u-4(b)(1) ...............................................................................................................5

15 U.S.C. § 78u–4(b)(2) ..............................................................................................................5

15 U.S.C. § 78u–4(b)(3)(A)..........................................................................................................5

15 U.S.C. § 78u–5(c)(1)(B)(i).......................................................................................................5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) ...............................................................................................................2, 4, 6

Fed. R. Civ. P. 12(b)(6).............................................................................................................2, 4

Defendants Armando Anido and James E. Fickenscher (the "Individual Defendants") and Zynerba Pharmaceuticals, Inc. ("Zynerba" or the "Company") (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in support of their Motion for Reconsideration of this Court's November 25, 2020 Order (Doc. 31) denying Defendants' Motion to Dismiss the Amended Class Action Complaint.  For the reasons set forth below, the Court should reconsider its November 25, 2020 Order and dismiss the Amended Complaint.

## **INTRODUCTION**

Plaintiffs Scott Whiteley and Harry Berger ("Plaintiffs") filed their Amended Class Action Complaint (Doc. 21) ("Amended Complaint") on March 9, 2020, alleging that Defendants violated Sections 10(b) and 20(a) of the Securities and Exchange Act.  Plaintiffs allege that Defendants should have disclosed adverse events that occurred during the BELIEVE 1 clinical trial of Zynerba's product candidate, Zygel, while the trial was still ongoing, and that the Company's disclosure of certain adverse events at the conclusion of the trial caused Zynerba's stock price to fall.  Defendants moved to dismiss the Amended Complaint on April 23, 2020, and requested oral argument.  (Doc. 24)

On November 25, 2020, the Court issued a two-page footnote Order denying Defendants' Motion to Dismiss.  (Doc. 31)  In the Order, the Court found that Plaintiffs sufficiently alleged an actionable misstatement or omission and that Defendants acted with scienter.  The Court focused on Zynerba's March 11, 2019 Form 10-K Annual Report, filed with the SEC, which stated that in April 2018, Zynerba had:

> initiated the Phase 2 BELIEVE 1 . . . clinical trial, a six-month open label multi-dose clinical trial designed to evaluate the efficacy and safety of Zygel in children and adolescents (three to 17 years) with DEE. . . . Enrollment in this study was complete in December 2018 and 48 patients with confirmed DEE are being dosed in the clinical trial, 27% of whom have either Dravet or Lennox-Gastaut syndrome.

> Enrolled patients will receive weight-based initial doses of 250 mg daily or 500 mg daily and during the maintenance phase patients may receive up to 1000 mg daily of Zygel. The primary endpoint is change in seizure frequency from baseline.
>
> ***
>
> We believe that Zygel may provide an effective treatment for epilepsy based on the anticonvulsant effects of CBD due to its ability to reduce neuronal hyperexcitability shown in multiple in vivo models of epilepsy and clinical trials conducted by third parties. Epilepsy specialists and patient organizations have shown considerable interest in the potential therapeutic role of CBD in adults with epilepsy and especially, children with DEE.

The Court apparently found that this statement gave rise to a duty to disclose in real time any purported adverse events that occurred during the BELIEVE 1 trial.  In addition, the Court found that Plaintiffs sufficiently alleged that "Defendants knew but failed to disclose that almost all patients enrolled in the BELIEVE 1 Trial suffered treatment emergent adverse events."  The Court, however, did not refer to any particularized allegations that support this conclusion, and the Amended Complaint includes none.

Respectfully, in holding that Plaintiffs successfully pleaded a strong inference of scienter as to all Defendants and an actionable misstatement, the Court made multiple fundamental legal errors that warrant reconsideration.

*First*, the Court did not acknowledge the heightened pleading requirements under Rule 9(b) and the Private Securities Litigation Act.  These requirements differ significantly from the ordinary Rule 12(b)(6)/*Iqbal*/*Twombly* standard.  They require Plaintiffs to allege particularized facts showing that each Defendant acted with scienter, *i.e.*, an intent to defraud investors.  Applying the correct standard warrants dismissal of the Amended Complaint.

*Second*, the Court committed legal error in finding that Plaintiffs had adequately alleged that Defendants acted with scienter.  Specifically, the Court found sufficient Plaintiffs' wholly conclusory allegation that Defendants "knew" about the adverse events in the BELIEVE 1 trial when the Form 10-K was issued in March 2019.  There is *nothing* in the Amended Complaint to

2

suggest that these adverse events had happened by March 2019, let alone that each of the Individual Defendants had learned about those adverse events. Moreover, the Court allowed the Plaintiffs to get away with "group pleading" by accepting their generalized, conclusory allegation that the "Defendants" knew about the adverse events. Nor did the Court address whether a reasonable person would deem any inference of scienter at least as compelling as any opposing inference.

*Third*, the Court erred in concluding that the quoted statement from the March 11, 2019 Form 10-K is an actionable misstatement or omission. Even if the Individual Defendants had known about the adverse events while the BELIEVE 1 trial was ongoing (which Plaintiffs have not sufficiently pleaded), Defendants had no duty to disclose the adverse events sooner than they did. Zynerba repeatedly told the market that the results of the BELIEVE 1 trial would be disclosed only after the conclusion of the trial, and that is exactly when Zynerba disclosed the adverse events. Neither the Plaintiffs nor the Court's Order identified any basis for Defendants to have disclosed the adverse events sooner.

For each of these reasons, the Court committed manifest errors of law. Respectfully, the November 25 Order should be reconsidered and the Amended Complaint should be dismissed.

## STANDARD OF REVIEW

It is appropriate for a court to reconsider an earlier ruling to remedy a clear error of law or to prevent manifest injustice. *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Courts will grant motions for reconsideration when the moving party "show[s] that there were facts or legal issues properly presented but overlooked by the court in its decision." *Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc.*, 246 F. Supp. 2d 394, 398-99 (E.D. Pa. 2002) (granting motion for reconsideration as "'necessary to correct a clear error of law,' and because [the] court overlooked other dispositive arguments presented by Defendant's counsel"); *In re Energy Future Holdings Corp.*, 904 F.3d 298, 316 (3d Cir. 2018) (finding reconsideration

3

warranted when a court "fail[s] to discern a critical fact that profoundly alter[s] the underlying legal determination"); *Jarzyna v. Home Props., L.P.*, No. 104191, 2015 U.S. Dist. LEXIS 184213, at \*1 n.2 (E.D. Pa. Aug. 13, 2015) (granting in part Defendant's motion for reconsideration based on an error of law).

## LEGAL ARGUMENT

**I. THE COURT COMMITTED LEGAL ERROR BY FAILING TO ACKNOWLEDGE AND APPLY RULE 9(b)'S AND THE PSLRA'S HEIGHTENED PLEADING STANDARDS.**

As a threshold matter, the Court's November 25 Order fails to acknowledge the distinct, heightened pleading standards applicable to securities fraud claims. Instead, it appears that the Court applied only the ordinary Rule 12(b)(6)/*Iqbal*/*Twombly* pleading standard. Satisfying that standard, however, is not sufficient.

As Defendants explained in their Motion to Dismiss, securities fraud plaintiffs must satisfy Rule 9(b)'s stringent requirements for pleading allegations of fraud. Specifically, plaintiffs must allege particularized facts, including "the who, what, when, where and how" of the events at issue. *Institutional Inv'rs Grp. v. Avaya, Inc.*, 564 F.3d 242, 253 (3d Cir. 2009). Rule 9(b)'s particularity requirement is "rigorously applied in securities fraud cases," and "boilerplate and conclusory allegations will not suffice." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1417-18 (3d Cir. 1997).

In addition to Rule 9(b)'s requirements, the Private Securities Litigation Reform Act ("PSLRA") imposes on securities fraud plaintiffs even more stringent pleading burdens, which the Third Circuit requires to be "rigorously" applied. *GSC Partners CDO Fund v. Washington*, 368 F.3d 228, 236 (3d Cir. 2004); *see also In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002) (the PSLRA "imposes another layer of factual particularity"). Under the

PSLRA, plaintiffs must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint state *with particularity* all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1); *City of Edinburgh Council v. Pfizer, Inc.*, 754 F.3d 159, 166 (3d. Cir. 2014) (emphasis added). Additionally, the PSLRA requires plaintiffs to "state with particularity facts giving rise to a strong inference" that Defendants acted with fraudulent intent. 15 U.S.C. § 78u–4(b)(2)(A); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007). Section 78u-4(b)(2) of the PSLRA does not permit a plaintiff to generally allege a defendant's state of mind. *Avaya*, 564 F.3d at 253. Instead, the PSLRA imposes an "exacting pleading standard for scienter." *Id.* (internal quotation marks and alterations omitted).

Moreover, the Supreme Court has recognized that "[t]he strength of an inference cannot be decided in a vacuum." *Tellabs*, 551 U.S. at 323. Courts "must consider plausible, nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff." *Id.* at 324. A complaint may survive dismissal only "if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Id.*; *Winer Family Tr. v. Queen*, 503 F.3d 319, 327 (3d Cir. 2007). Where the challenged statements are forward-looking—including the likelihood of positive results in a clinical trial—the scienter requirement is even "stricter," requiring the plaintiff to plead that the defendants actually *knew* their statements were *false* when made. 15 U.S.C. § 78u–5(c)(1)(B)(i); *Avaya*, 564 F.3d at 274. If a complaint fails to comply with the PSLRA's pleading requirements, dismissal is mandatory. 15 U.S.C. § 78u–4(b)(3)(A); *GSC Partners*, 368 F.3d at 237.

The Court's November 25 Order does not reference any of these stringent, enhanced pleading standards. By failing to apply these standards, the Court erred.

5

**II.    THE COURT COMMITTED LEGAL ERROR WHEN CONCLUDING THAT PLAINTIFFS ADEQUATELY ALLEGED SCIENTER.**

**A.    The Court Erred By Crediting Plaintiffs' Conclusory Allegation That The Defendants Had Knowledge of the Adverse Events Before the March 11, 2019 Form 10-K.**

Given the Court's apparent failure to apply the enhanced pleading standards for securities fraud claims, it no surprise that the Court found sufficient Plaintiffs' conclusory allegation that Defendants "knew" of the adverse events occurring during the BELIEVE 1 trial.  But Plaintiffs have not pleaded *facts* showing that Defendants had any knowledge of the adverse events at any point in time before the BELIEVE 1 trial was completed, much less before Zynerba issued the March 11, 2019 Form 10-K.  It is not enough for a plaintiff to allege that the defendants must have known or generally had access to relevant information.  Rather, the plaintiff "'must *specifically identify the reports or statements* that are contradictory to the statements made,' or must '*provide specific instances in which Defendants received information* that was contrary to their public declarations."  *In re Innocoll Holdings Pub. Ltd. Co. Sec. Litig.*, No. CV 17-341, 2020 WL 1479128, at *8 (E.D. Pa. Mar. 25, 2020) (quoting *Glaser v. The9, Ltd.,* 772 F. Supp. 2d 573, 588 (S.D.N.Y. 2011)) (emphasis added).

Here, in violation of Rule 9(b) and the PSLRA, Plaintiffs plead no particularized facts regarding "the who, what, when, where and how" the Individual Defendants purportedly learned about the adverse events.  *Avaya*, 564 F.3d at 253.  They do not allege facts showing, for instance, when the adverse events arose during the BELIEVE 1 trial, the timing of any required reports to the FDA, that the Individual Defendants played a role in the BELIEVE 1 trial or any reporting to the FDA, that the Individual Defendants received interim reports from Australia and New Zealand (where the trial was taking place), that the FDA communicated concerns about the clinical trial or the safety of Zygel with the Individual Defendants, or any other *facts* showing the Individual

6

Defendants had knowledge of the adverse events before the Form 10-K was issued.  Nor did Plaintiffs cite a single confidential witness, internal Company document, or investigative report suggesting the Individual Defendants had knowledge of the adverse events.  *See*, *e.g.*, *Sapir v. Averback*, No. 14-7331 (JLL), 2016 WL 554581, at \*10 (D.N.J. Feb. 10, 2016) (dismissing complaint regarding clinical testing of new drug and noting that the "Amended Complaint fails to cite a single document or witness that corroborates allegations of scienter").  Thus, Plaintiffs fall far short of alleging "specific instances in which Defendants received information" regarding the adverse events in the BELIEVE 1 trial, as they were required to do.  *Innocoll Holdings*, 2020 WL 1479128, at \*8.  The Court erred in accepting Plaintiffs' conclusory allegation of knowledge.

### B.    The Court Erred By Allowing Plaintiffs to Engage In Group Pleading

Next, the Court erred by failing to analyze the allegations as to each Individual Defendant. Under the PSLRA and well-established Third Circuit law, group pleading is not sufficient; instead, Plaintiffs must make particularized factual allegations with regard to *each* Defendant and *each* alleged misrepresentation.  *See Winer Family Tr. v. Queen*, 503 F.3d 319, 337 n.6 (3d Cir. 2007). The Court's Order groups all Defendants together, finding that Plaintiffs sufficiently pleaded that all Defendants had knowledge of the adverse events based only on the wholly conclusory allegation that "Defendants" knew of the adverse events.  As discussed above, Plaintiffs allege no particularized facts regarding, among other things, *who* knew about the adverse events in the BELIEVE 1 trial, *when* or *how* the Individual Defendants (or anyone else at Zynerba) learned about the adverse events, and exactly *what* was known about those events.  Thus, Plaintiffs fail to allege facts demonstrating scienter with respect to any Defendant, let alone *each specific Defendant*.  For this additional, independent reason, the Court should reconsider its Order.

**C.    The Court Erred By Failing To Consider Non-Fraudulent Explanations for Zynerba's Reporting Of The Adverse Events At The Conclusion Of The BELIEVE 1 Trial.**

The Court's Order also does not address equally plausible, non-fraudulent explanations for Zynerba's failure to report adverse events while the BELIEVE 1 trial was ongoing, as the PSLRA requires it to do. As the Supreme Court has stated, Plaintiffs must allege a ***strong*** inference of scienter that is "***cogent*** and ***at least as compelling*** as any opposing inference of nonfraudulent intent." *Tellabs*, 551 U.S. at 314 (emphasis added). This "inherently comparative" inquiry requires the Court to weigh competing inferences to determine whether "a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference." *Winer Family Tr.*, 503 F.3d at 327.

Here, the Order contains no such comparison. For instance, the Court did not mention that the BELIEVE 1 trial was still ongoing when the March 11, 2019 Form 10-K was filed. The Court also did not address Zynerba's repeated statements to the market—before and during the putative Class Period—that the results would not be disclosed until after the trial was completed in the third quarter of 2019. *See, e.g.*, Mot. to Dismiss at 9 & n.4 (listing those statements). The Court also did not mention the nonfraudulent inference that, even if the Individual Defendants were aware of the adverse events, they did not believe the events were alarming or significant given the broad definition of adverse events, the medically fragile nature of children suffering from DEE who participated in the trial, and the six-month length of the study. The Court's acceptance of Plaintiffs' conclusory allegations of scienter, without weighing any competing inferences, is legal error. Again, Defendants respectfully request that the Court reconsider its decision.

8

### III.    THE COURT ERRED BY CONCLUDING THAT THE FORM 10-K WAS ACTIONABLE.

The Court's Order fails to explain why statements on Zynerba's website or in its Form 10-K filing gave rise to a duty to disclose earlier the adverse events that occurred during the BELIEVE 1 trial.  It is well-settled law that "there is no general duty on the part of a company to provide the public with all material information" and that the "possession of material nonpublic information alone does not create a duty to disclose it."  *Burlington*, 114 F.3d at 1432.  Instead, a duty to disclose arises when disclosure is mandated by statute or "necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading."  *Basic Inc. v. Levinson*, 485 U.S. 224, 230 n.6 (1988).

For example, in *In re Adolor Corporation Securities Litigation*, 616 F. Supp. 2d 551 (E.D. Pa. 2009), the defendant conducted multiple clinical trials, testing its drug at two doses.  *Id. at* 556-58.  In the first trial, the results were not statistically significant because a subgroup of patients included in the study did not respond to the drug.  *Id. at* 557.  According to the plaintiffs, the company wrongly concealed this information.  *Id. at* 569.  However, relying on Third Circuit precedent, the court held that because the company never made any disclosures about patient subgroups, it had no duty to disclose information about which patient subgroups participated in the trial—even if such information would have been "material."  *Id*. at 569.

Here, the Court's decision contains no explanation as to why Zynerba's statements about the initiation of the BELIEVE 1 trial in its Form 10-K gave rise to a duty to disclose in real time all adverse events that occurred before the trial's completion.  No statute or regulation required Defendants to disclose the adverse events in an earlier timeframe.  Nor did Plaintiffs allege facts establishing any inaccuracy, incompleteness, or misrepresentation with regard to Defendants' statements concerning the BELIEVE 1 trial.  The Form 10-K statement did not make any

9

representations, one way or the other, about the safety of Zygel. For this additional reason, the Court should reconsider its decision.

## CONCLUSION

For the foregoing reasons, the Court should grant reconsideration of its November 25 Order and dismiss the Amended Class Action Complaint in its entirety.

Respectfully submitted,

Dated: December 9, 2020

*/s/ David H. Kistenbroker*

David H. Kistenbroker
(admitted *pro hac vice*)
DECHERT LLP
35 West Wacker Drive
Suite 3400
Chicago, IL 60601-1608
Tel: 312-646-5800
Facsimile: 312-646-5858
david.kistenbroker@dechert.com

Michael S. Doluisio (Pa. 75060)
Tiffany Engsell (Pa. 320711)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Tel: 215-994-4000
Facsimile: 215-994-2222
michael.doluisio@dechert.com
tiffany.engsell@dechert.com

*Attorneys for Defendants*