**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SCOTT WHITELEY and HARRY BERGER, Individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>ZYNERBA PHARMACEUTICALS, INC., ARMANDO ANIDO, and JAMES E. FICKENSCHER,<br><br>    Defendants. | Case No: 2:19-cv-04959-NIQA |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION FOR RECONSIDERATION OF THE COURT'S NOVEMBER 25, 2020
ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

Lead Plaintiffs Scott Whiteley and Harry Berger ("Plaintiffs") hereby respectfully submit this Memorandum of Law in Opposition to Defendants' Motion for Reconsideration ("Reconsideration Motion", ECF 32)[1] of this Court's November 25, 2020 Order Denying Defendants' Motion to Dismiss ("Order", ECF 31).

## I.    INTRODUCTION

This Court correctly held in its Order that the Complaint[2] (ECF 21) adequately states a claim against Defendants for securities fraud in violation of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5. Defendants have provided no basis for this Court to reconsider its Order, an extraordinary remedy courts only employ in rare circumstances.

In denying the motion to dismiss, the Court aptly credited allegations that during the Class Period, Defendants knew or recklessly disregarded that ***almost all*** child and adolescent patients participating in clinical testing of Zynerba Pharmaceuticals, Inc.'s ("Zynerba" or "Company") ***only product in development*** suffered adverse events. In the Order, the Court cited and followed applicable legal standards for deciding a motion to dismiss a securities class action, including the Private Securities Litigation Reform Act ("PSLRA"). Defendants' conclusory, and baseless, assertions that the Court failed to apply Fed. R. Civ. P. 9(b) or the PSLRA are insufficient cause for granting reconsideration.  More, the Court expressly considered each of Defendants' arguments. (Order at 1) ("upon consideration of Defendants' *motion to dismiss the amended class action complaint*, [ECF 24], Plaintiffs' response in opposition thereto, [ECF 29], Defendants' reply, [ECF 30], and the allegations in the amended complaint, [ECF 21]…"). Following consideration of the

---

[1] Plaintiffs cite to Defendants' Reconsideration Motion as "Mem. __."

[2] Plaintiffs cite  to their Amended Class Action Complaint for Violations of the Federal Securities Laws, ECF 21 ("Complaint") as "¶__.".

parties' complete briefing of the motion to dismiss under applicable standards, "[t]his Court disagree[d]" with Defendants' contentions that the Complaint fails to adequately plead securities fraud. (*Id*. at 1, n.1.)

Nevertheless, ignoring the Court's express consideration of applicable standards and their substantive arguments and mistaking brevity for insufficiency, Defendants seek a second bite at the apple. Defendants' Reconsideration Motion fails to identify any new facts, new evidence, new law, or a single error in the Order warranting its reconsideration, instead summarily repeating the exact arguments advanced in their 60 pages of motion to dismiss briefing that this Court has already considered and rejected. Defendants' Reconsideration Motion thus fails to clear Fed. R. Civ. P. 59(e)'s high bar and should be denied in its entirety.

## II.    ARGUEMENT

### A.    Applicable Standards For Reconsideration

Local Rule of Civil Procedure 7.1(g) governs motions for reconsideration under Federal Rule of Civil Procedure 59(e). *See Koren v. Noonan*, No. CIV.A. 12-1586, 2013 WL 5508688, at *1 (E.D. Pa. Oct. 3, 2013), *aff'd,* 586 F. App'x 885 (3d Cir. 2014). To prevail, Defendants must show "new evidence," "an intervening change in controlling law," or that this Court committed a clear error of law or fact that it must correct to avoid "manifest injustice." *Id*.

Favoring finality, district courts should rarely grant reconsideration motions. *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995) (citing *Rottmund v. Continental Assurance Company,* 813 F.Supp. 1104, 1107 (E.D.Pa.1992)). Seeking reconsideration is especially improper where, as here, a litigant uses the motion as "a means to reargue matters already argued and disposed of..." *Abu-Jamal v. Horn*, No. CIV. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001) (internal quotation omitted). Nor should litigants use

a motion for reconsideration to ask courts to "rethink what [it] has already thought through," regardless of the court's conclusion. *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal quotation omitted).

### B.    Defendants' Motion For Reconsideration Rehashes The Same Arguments The Court Has Already Considered and Rejected

In their Reconsideration Motion, Defendants identify no new evidence or intervening change in controlling law. With the exception of cases enunciating the standard of review for their reconsideration motion, Defendants identify no relevant case that they did not already present to the Court in their 60 pages of briefing on their motion to dismiss. Rather, insisting this Court committed clear error or otherwise did not consider what it expressly stated it did consider, Defendants repeat and relitigate virtually verbatim the arguments this Court considered and rejected. Even a cursory comparison to Defendants' motion to dismiss briefing shows that Defendants offer nothing new in seeking reconsideration (bold emphasis added):

| Topic | Defs. motion to dismiss opening brief[3] | Defs. motion to dismiss reply brief[4] | Defs. motion for reconsideration mem. |
|---|---|---|---|
| Scienter – Defendants' knowledge | "**They [i.e., Plaintiffs] do not allege facts showing, for instance, when the adverse events arose during the BELIEVE 1 trial, the timing of any required reports to the FDA, that the Individual Defendants played a role in the BELIEVE 1 trial or any**" | "Plaintiffs likewise do not allege other basic facts, such as **when the adverse events arose, what role (if any) the Individual Defendants played in the BELIEVE 1 trial** or FDA reporting, or **whether the FDA communicated to** | "**They [i.e., Plaintiffs] do not allege facts showing, for instance, when the adverse events arose during the BELIEVE 1 trial, the timing of any required reports to the FDA, that the Individual Defendants played a role in the BELIEVE 1 trial or any reporting to** |

---

[3] Referring to Defendants' Memorandum in Support of Defendants' Motion to Dismiss the Amended Class Action Complaint (ECF 24-1), which Plaintiffs cite to as "Defs. MTD Br. __."
[4] Referring to Defendants' Reply Brief in Support Of Defendants' Motion to Dismiss the Amended Class Action Complaint (ECF 30), which Plaintiffs cite to as "Defs. MTD Reply __."

| | | | |
|---|---|---|---|
| | reporting to the FDA, that the Individual Defendants received interim reports from Australia and New Zealand about any safety issues that emerged during the BELIEVE 1 trial, **that the FDA communicated concerns about the clinical trial or the safety of Zygel with the Individual Defendants, or any other facts showing the Individual Defendants had knowledge of the adverse events at the time the allegedly fraudulent statements were made. Nor do Plaintiffs point to a single confidential witness, internal Company document, or investigative report suggesting the Individual Defendants had knowledge of the adverse events. *See, e.g., Sapir v. Averback*, No. 14-7331 (JLL), 2016 WL 554581, at \*10 (D.N.J. Feb. 10, 2016)**". (Defs. MTD Br. at 20-21). | the **Individual Defendants concerns (if any) about the BELIEVE 1 clinical trial or Zygel's safety.**" (Defs. MTD Reply at 4).<br><br>"The Amended Complaint is completely silent on the crucial questions of whether and to what extent the Individual Defendants were involved in reviewing and collecting the relevant data, when the adverse events occurred, and when the Individual Defendants became aware of them." (Defs. MTD Reply at 7). | the **FDA, that the Individual Defendants received interim reports from Australia and New Zealand** (where the trial was taking place), **that the FDA communicated concerns about the clinical trial or the safety of Zygel with the Individual Defendants, or any other *facts* showing the Individual Defendants had knowledge of the adverse events before the Form 10-K was issued. Nor did Plaintiffs cite a single confidential witness, internal Company document, or investigative report suggesting the Individual Defendants had knowledge of the adverse events. *See, e.g., Sapir v. Averback*, No. 14-7331 (JLL), 2016 WL 554581, at \*10 (D.N.J. Feb. 10, 2016)**". (Defs. Recons. Mem. at 6-7). |
| Scienter – Defendants' knowledge | "Under Rule 9(b), **Plaintiffs must plead particularized facts, including "the who, what, when, where and how" of the events at issue. *Institutional Inv'rs Grp. v. Avaya, Inc.*, 564 F.3d 242, 253 (3d Cir. 2009). Rule 9(b)'s particularity** | "To allege scienter, Plaintiffs must plead facts that give rise to a strong inference of conscious or reckless misbehavior. *Institutional Inv. Grp. v. Avaya, Inc.*, 564 F.3d 242, 276 (3d Cir. 2009))." | "**plaintiffs must allege particularized facts, including "the who, what, when, where and how" of the events at issue. *Institutional Inv'rs Grp. v. Avaya, Inc.*, 564 F.3d 242, 253 (3d Cir. 2009). Rule 9(b)'s particularity** |

4

| | | | |
|---|---|---|---|
| | requirement is 'rigorously applied in securities fraud cases,' and 'boilerplate and conclusory allegations will not suffice.' *Burlington*, 114 F.3d at 1417-18." (Defs. MTD Br. at 14). | (Defs. MTD Reply at 3). | requirement is 'rigorously applied in securities fraud cases,' and 'boilerplate and conclusory allegations will not suffice.' *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1417-18 (3d Cir. 1997)." (Defs. Recons. Mem. at 4). |
| **Scienter – group pleading** | "As discussed above, **Plaintiffs allege no particularized facts about, among other things,** *who* **knew about the adverse events in the BELIEVE 1 trial,** *when* **or** *how* **the Individual Defendants (or anyone else at Zynerba) learned about the adverse events, and exactly** *what* **was** discussed **about those events. Thus, Plaintiffs fail to allege facts demonstrating scienter with** **respect to any Defendant, let alone** *each specific Defendant*." (Defs. MTD Br. at 25). | "Group pleading is not sufficient; instead, Plaintiffs must make **particularized factual allegations with regard to** *each* **Defendant and** *each* **alleged misrepresentation**." (Defs. MTD Reply at 3). | "As discussed above, **Plaintiffs allege no particularized facts regarding, among other things,** *who* **knew about the adverse events in the BELIEVE 1 trial,** *when* **or** *how* **the Individual Defendants (or anyone else at Zynerba) learned about the adverse events, and exactly** *what* **was** known **about those events. Thus, Plaintiffs fail to allege facts demonstrating scienter with respect to any Defendant, let alone** *each specific Defendant*." (Defs. Recons. Mem. at 7). |
| Scienter – competing inferences | "Instead, **Plaintiffs must** also **allege a** *strong* **inference** **of scienter that is '***cogent*** and** *at least as compelling* **as any opposing inference of nonfraudulent intent.'** [*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007)] (emphasis added). **This** 'inherently comparative' inquiry requires the Court to | "Plaintiffs are unable to explain how the purported inference of scienter is as compelling as a non-fraudulent inference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323-24 (2007)." (Defs. MTD Reply at 14). | "As the Supreme Court has stated, **Plaintiffs must allege a** *strong* **inference of scienter that is "***cogent*** and** *at least as compelling* **as any opposing inference of nonfraudulent intent."** *Tellabs*, 551 U.S. at 314 (emphasis added). This "inherently comparative" inquiry requires the Court to weigh competing |

| | | | |
|---|---|---|---|
| | weigh competing inferences to determine whether 'a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference.' **Winer Family Tr.**, 503 **F.3d at 327.**" (Defs. MTD Br. at 23). | | inferences to determine whether "a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference." **Winer Family Tr.**, 503 **F.3d at 327.**" (Defs. Recons. Mem. at 7). |
| Actionable omissions | "**No statute or regulation required Defendants to disclose the adverse events** to investors **in an earlier timeframe.** Moreover, Plaintiffs do not **allege facts establishing any inaccuracy, incompleteness, or misrepresentation with regard to Defendants' statements concerning the BELIEVE 1 trial.**" (Defs. MTD Br. at 27). | "As discussed above, the only specific statements to which Plaintiffs point—the website statements, the disclosures regarding the Phase1 results, and the Form 10-K risk disclosure—**were not misleading and did not give rise to a duty to disclose more**." (Defs. MTD Reply at 22). | "**No statute or regulation required Defendants to disclose the adverse events in an earlier timeframe.** Nor did Plaintiffs **allege facts establishing any inaccuracy, incompleteness, or misrepresentation with regard to Defendants' statements concerning the BELIEVE 1 trial.**" (Defs. Recons. Mem. at 9). |

In fact, the entire Reconsideration Motion merely recapitulates Defendants' previous motion to dismiss briefing, summarily presenting the identical arguments that the Court already both considered and rejected. For this reason alone, Defendants' second bite at the apple is improper, and this Court should reject it. *See Jarzyna v. Home Props., L.P.*, 185 F. Supp. 3d 612, 622 (E.D. Pa. 2016) (denying motion for reconsideration, explaining that motions for reconsideration "should not be grounded on a request that a court rethink a decision already made".); *see also*, *PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, 743–44 (E.D. Pa. 2007) (denying motion for reconsideration, explaining such motion "may not be used to rehash arguments which have already been briefed by the parties and decided by the Court.").

Case 2:19-cv-04959-NIQA   Document 34   Filed 12/23/20   Page 8 of 17

**C.      This Court Committed No Clear Error of Fact or Law**

**1.      Defendants Fail To Establish That The Court Overlooked Any Argument They Raised**

Dissatisfied with the Order, Defendants argue that this Court committed clear error, overlooking facts or the application of legal standards that Defendants briefed in their motion to dismiss. "In order to show clear error or manifest injustice, [the moving party] must base its motion on arguments that were previously raised but were overlooked by the Court. *United States v. Jasin*, 292 F. Supp. 2d 670, 676–77 (E.D. Pa. 2003). The Order expresses, however, that the Court did not overlook anything, but rather denied the motion to dismiss "upon consideration" of all the briefing. (Order at 1.)  An argument is "regarded as having been considered if it is presented to the court in written submissions and in oral argument." *Amboy Bancorporation v. Jenkens & Gilchrist*, 2006 WL 1098020, at *2 (D.N.J., Mar. 31, 2006).  A court does not "overlook" an argument simply by omitting reference to it in an opinion. *Id.; see also*, *Byrne v. Calastro,* 2006 WL 2506722, at *2 (D.N.J. Aug. 28, 2006) (citation omitted) ("[a]n argument is not deemed overlooked because it is not specifically addressed in a court's opinion"); *In re Liptor Antitrust Litig.,* No. CIV.A. 12-2389 PGS, 2013 WL 2149689, at *2 (D.N.J. May 16, 2013) (same).

Tellingly, Defendants do not attempt to establish any "manifest injustice" resulting from the Order. Other than including the phrase while enunciating the standard for a reconsideration motion, Defendants do not mention the word "injustice" a single time. With good reason.  In correctly holding that the Complaint adequately pleads claims for securities fraud under applicable pleading burdens, the Order visits no injustice on them whatsoever.

The Court expressly incorporated all the arguments in the briefing in its Order. Because, therefore, Defendants cannot demonstrate that the Court overlooked any of their arguments,

committed clear error, or visited upon them any injustice in issuing the Order, the Reconsideration Motion must fail.

### 2.     This Court Correctly Applied the Heightened Pleading Standards

Defendants argue that the Court did not acknowledge the heightened pleading requirements of Rule 9(b) or the PSLRA. Speculating[5], Defendants incorrectly argue that "it **appears** that the Court applied only the ordinary Rule 12(b)(6)/*Iqbal*/*Twombly* pleading standard." (Emphasis added). Mem. 4.

In their briefing on the motion to dismiss, Defendants argued that the heightened pleading requirements of Rule 9(b) and the PSLRA apply. *See* (Defs. MTD Br. at 13-16.) Plaintiffs agreed. *See* (Plaintiffs' opposition to Defendants' motion to dismiss, ECF 29, at 6.)  The Court considered and incorporated the briefing by reference in its entirety, thereby adopted the heightened pleading standards.  (Order at 1.) In the Order, the Court explicitly and correctly invoked Rule 12(b)(6) and the PSLRA, while also citing to case law that sets forth the standards for properly pleading a Section 10(b) claim. *See* (Order at 1, n. 1) (citing *City of Edinburgh Council v. Pfizer, Inc.*, 754 F.3d 159, 167 (3d Cir. 2014) (quoting 17 C.F.R. § 240.10b–5(b), and *In re Aetna, Inc. Sec. Litig.*, 617 F.3d 272, 277 (3d Cir. 2010).); *see also* (*Id.*) ("Defendants have moved to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure ('Rule') 12(b)(6) and the Private Securities Litigation Reform Act of 1995 ('PSLRA'), 15 U.S.C. § 78u-4.")

In their motion to dismiss briefing, Defendants relied on *Pfizer* and *Aetna,* alerting the Court to the applicable heightened pleading standards. *See* (Defs. MTD Br. at 13, 14) (citing *Pfizer*,

---

[5] *See*, *e.g.*, Mem. 4 ("it **appears** that the Court applied only the ordinary Rule 12(b)(6)/*Iqbal*/*Twombly* pleading standard."); *see also*, *Id.*, at 2 ("the Court **did not acknowledge** the heightened pleading requirements under Rule 9(b) and the Private Securities Litigation Act."); ("the Court's November 25 Order **does not reference** any of these stringent, enhanced pleading standards."). (Emphasis added).

754 F.3d at 166, which describes the heightened pleading requirements in PLSRA cases); *see also* (*Id.* at 30, 32) (citing *Aetna*); (Defs. MTD Reply at 16) (citing *Aetna*). The Court explicitly and correctly cited and relied on the exact cases Defendants cited, *Pfizer* and *Aetna*, acknowledging and applying the PSLRA and Rule 9(b)'s heightened pleading standards. *See* (Order at 1 n.1.) Defendants can point to nothing in the Order indicating that the Court decided instead to apply the "ordinary Rule 12(b)(6)/*Iqbal/Twombly* pleading standard."[6]

### 3. The Court Correctly Found That Plaintiffs Adequately Allege Scienter

Defendants argue that the Court committed a clear error in ruling that the Complaint adequately pleads scienter. They reiterate the same arguments they already advanced in their motion to dismiss briefing, even citing the same cases. *See* (Mem. 6-7) ("in violation of Rule 9(b) and the PSLRA, Plaintiffs plead no particularized facts regarding "the who, what, when, where and how" …. *Avaya*, 564 F.3d at 253."), *cf.* (Defs. Mot. Br. at 14) ("Under Rule 9(b), Plaintiffs must plead particularized facts, including "the who, what, when, where and how" …. *Institutional Inv'rs Grp. v. Avaya, Inc.*, 564 F.3d 242, 253 (3d Cir. 2009)"); *also e.g.*, (Mem. 6-7) ("Plaintiffs fall far short of alleging "specific instances in which Defendants received information" …. *Innocoll Holdings*, 2020 WL 1479128, at *8"), *cf.* (Defs. MTD Reply at 4) ("Plaintiffs fall far short of alleging "specific instances in which Defendants received information" …. *Innocoll Holdings*, 2020 WL 1479128, at *8").

Defendants also repeatedly assert that this Court committed clear error because it failed to conduct a word-by-word analysis of each substantive argument they advanced in their 60 pages of

---

[6] *Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc.*, 246 F. Supp. 2d 394 (E.D. Pa.2002) is inapplicable here. There, the court granted the defendant's motion for reconsideration because the court concluded that it committed a clear error of law, overlooking Pennsylvania statutory law and dispositive case law.

motion to dismiss briefing. *See, e.g.*, (Mem. at 7) ("the Court erred by failing to analyze the allegations as to each Individual Defendant.);" *see also*, (*Id*., at 8) ("The Court's Order also does not address equally plausible, non-fraudulent explanations…"); (*Id*., at 8) ("[t]he Court's Order fails to explain why statements on Zynerba's website or in its Form 10-K filing gave rise to a duty to disclose earlier…"). Yet in support, Defendants cite no case requiring the Court to detail exhaustively or even to address each argument in its Order. The Court made clear that it applied the "strong inference" standard for scienter by citing and relying on *Pfizer* and *Aetna*. Indeed, the Third Circuit specifically addressed the strong inference standard in *Pfizer*. *See Id.*, at 169 (citing *Institutional Investors Grp. v. Avaya, Inc.,* 564 F.3d 242, 263 (3d Cir.2009)). The Court neither missed nor overlooked Defendants' arguments; it simply rejected them.

As the Complaint (ECF 21) alleges, and Plaintiffs' opposition to Defendants' motion to dismiss made clear, and as this Court agreed, the Complaint sufficiently pleads Defendants' recklessness with particularized facts by means of the "core operations" doctrine. Zygel is ***the Company's core, indeed only, operation***.  Zynberba, which only has 25 employees, has no other products in development.  The BELIEVE 1 clinical trial was ***the first*** in which Zynerba assessed the safety and efficacy of Zygel in children and adolescents, and which specifically focused on treatment of DEE.  Defendants, themselves referred to the period that the trial ushered it as "***transformational***."  To comply with their FDA reporting obligations, Defendants had to ***closely monitor*** adverse events during the BELIEVE 1 ***open-label*** trial.  Toward that end, Defendants had access to Zynerba's safety database, which contained real time (or near real time) adverse event data from the BELIEVE 1 trial during the Class Period. The sheer magnitude of adverse events that trial participants suffered during the trial supports a strong inference of scienter. *See* (¶¶ 2, 3, 19, 20, 22, 23; Opp. at 23-36.)

Defendants ignore the Complaint's scienter allegations, and in particular the core operations allegations and related arguments Plaintiffs advanced in their opposition to Defendants' motion to dismiss. Instead, they argue that the Court erred in finding that the Complaint's scienter allegations adequate based on the group pleading doctrine. Nowhere in the Order did the Court mention the group pleading doctrine. Speculating once again, Defendants argue that the Court must have accepted the group pleading doctrine, disregarding that Plaintiffs neither argued nor even raised the group pleading doctrine in either the Complaint or in their opposition to the motion to dismiss. *See* (Mem. 7.) Defendants also misstate the group pleading doctrine, which addresses the attribution of statements in group-published documents. *See Winer Family Tr. v. Queen*, 503 F.3d 319, 335–36 n.8 (3d Cir. 2007) (plaintiff did not rely on group pleading doctrine as to defendant Queen because complaint attributed misstatements and omissions to Queen). In light of the Supreme Court's opinion in *Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 142-43 (2011), establishing a standard for who is the "maker" of a statement, *Queen* is of questionable relevance. In any event, the Complaint identify the "maker" of each false statement.

The Court properly found the inference of scienter at least equally as compelling as any opposing inference based on the allegations of scienter set forth in the Complaint, including the core operations doctrine, after considering and rejecting each one of Defendants' arguments. Defendants' recycling of these already rejected arguments does not present the Court with "rare circumstances," warranting reconsideration. *See PBI Performance Prods., Inc. v. NorFab Corp.*, 514 F. Supp. 2d 732, at 743–44.

     a)  *The Court Considered, and Rejected, Defendants' Competing Inference of Scienter.*

Defendants argue that the Court committed clear error by failing to explicitly set forth the competing inference of scienter in the Order. *See* (Mem. 8.) Once again, Defendants have failed

11

to establish that the Court "overlooked" the assertion of non-fraudulent intent advanced in their motion to dismiss, rather than simply ruling that the inference of scienter alleged in the Complaint is at least equally as compelling. Instead, they simply regurgitate the same argument again in their Reconsideration Motion, none of which offer a cogent and compelling counter-inference suggesting they did not know in real time (or were not reckless in not knowing) of the staggering numbers of adverse safety events.  *See* (Opp. at 31.) Indeed, rather than disclaiming knowledge, Defendants claimed that it is "entirely plausible that they did not believe the events were alarming or significant." (Defs. Mot. to Dismiss Br. at 23.) The Court appropriately rejected this "inference," unsurprisingly given the absurdity of suggesting that a 96% treatment emergent adverse event rate, a 60% treatment related adverse event rate, and a staggering 25% serious adverse event rate ("SAEs") is not "alarming or significant. *In re Columbia Labs., Inc., Sec. Litig.*, 602 F. App'x 80, 84 (3d Cir. 2015). The Court accepted Plaintiffs' argument that it is equally cogent and compelling that Defendants recklessly omitted from disclosure that a material percentage of the patient population in the clinical trial of the Company's only product suffered these events. Defendants have proffered no basis for the Court to reconsider its ruling.

### 4.   The Court Correctly Ruled That The March 11, 2019 Form 10-K And Zynerba's Website Contain Actionable Misstatements Or Omissions

Defendants assert that the Court committed clear error by not explaining why statements on Zynerba's website or in its Form 10-K gave rise to a duty to disclose the adverse events that occurred during the BELIEVE 1 trial earlier.  Such accusation is baseless and improper. A court does not "overlook" an argument simply by not detailing its analysis in its opinion. *Byrne*, at *2. Defendants' disagreement with the Order does not mean the Court committed clear error. *Reich v. Compton,* 834 F.Supp. 753, 755 (E.D.Pa.1993). Defendants cite no case supporting that the court must "explain why."

The Court explicitly stated the standards for actionable misstatements and omissions. *See* (Order at 1, n.1) (citing *Pfizer, Inc.*, 754 F.3d at 167, "[u]nder Rule 10b-5, in particular, it is unlawful to 'make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.'"). The Court also expressed that it considered Defendants' briefs, wherein Defendants spent 14 pages arguing that the Complaint fails to allege a duty to disclose. (Defs. MTD Br. at 26-30; Defs. MTD Reply at 15-25.); s*ee Amboy Bancorporation v. Jenkens & Gilchrist*, 2006 WL 1098020, at *2 (D.N.J., Mar. 31, 2006) (an argument is "regarded as having been considered if it is presented to the court in written submissions and in oral argument.")

The Court considered Defendants' arguments and rejected them; Defendants have no credible basis for asking "the court to rethink what it has already thought through." *Lischner v. Upper Darby Twp.*, No. 05-4546, 2007 WL 2173393, at *1, 2007 U.S. Dist. LEXIS 54528, at *3 (E.D. Pa. July 27, 2007) (citing *Glendon*, 836 F. Supp. at 1122). Having considered Defendants' 60 pages of argument in support of their motion to dismiss, as well as Plaintiffs' opposition, and ruling that the quoted statements in Zynerba's March 11, 2019 Form 10-K are actionable, the Court did not overlook any argument on that issue or any other.

## III.    CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motion for reconsideration in its entirety.

Dated:  December 23, 2020

Respectfully submitted,

**ROSEN LAW FIRM**

*/s/ Jacob A. Goldberg*
Jacob A. Goldberg
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Fax: (212) 202-3827
Email: jgoldberg@rosenlegal.com

**ROSEN LAW FIRM**
Jing Chen
275 Madison Avenue, 40th floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: jchen@rosenlegal.com

**POMERANTZ LLP**
Jeremy A. Lieberman
Tamar A. Weinrib
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email:  jalieberman@pomlaw.com
            taweinrib@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 229-8811
Email: pdahlstrom@pomlaw.com

14

**BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

15

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of December 2020 a true and correct copy of the foregoing ***Plaintiffs' Memorandum Of Law In Opposition To Defendants' Motion For Reconsideration Of The Court's November 25, 2020 Order Denying Defendants' Motion To Dismiss*** was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Jacob Goldberg
Jacob Goldberg
