**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____

)
SCOTT WHITELEY and HARRY BERGER,    )
Individually and on Behalf of All Others    )        Case No. 2:19-cv-04959-NIQA
Similarly Situated,    )
)
                  Plaintiffs,    )
)
            v.    )
)
ZYNERBA PHARMACEUTICALS, INC.,    )
ARMANDO ANIDO, and JAMES E.    )
FICKENSCHER,    )
)
                 Defendants.    )
)
_____

## DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12, Defendants Zynerba Pharmaceuticals,

Inc. ("Zynerba"), Armando Anido, and James E. Fickenscher (the "Individual Defendants," and

together with Zynerba, "Defendants"), by and through their undersigned counsel, hereby submit

this answer (the "Answer") in response to the amended complaint (the "Amended Complaint")

of Scott Whiteley and Harry Berger ("Plaintiffs") in the above-captioned matter in accordance

with the numbered paragraphs thereof as follows:[1]

1.      Admitted in part, denied in part.  It is admitted only that Plaintiffs purport to bring

claims on behalf of a class of individuals for alleged violations of Sections 10(b) and 20(a) of the

Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder

relating to Zynerba's public disclosures.  Denied that Defendants violated the Exchange Act or

---

[1] The Amended Complaint erroneously omits and repeats certain paragraph numbers.  This
Answer follows Plaintiffs' numbering convention.

any other law in connection with Zynerba's public disclosures, and denied that any purchasers or owners of Zynerba shares suffered damages.

2.      Admitted.

3.      Admitted in part, denied in part.  Paragraph 3 is admitted, except that it is denied that the four identified disorders are always progressive.  By way of further response, Zynerba is developing Zygel for a number of different indications.

4.      Denied.  Defendants' public statements are in writing and speak for themselves, and Plaintiffs' characterization thereof is denied.  Further, the allegations in Paragraph 4 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.  Defendants specifically deny that they made any material misstatement or omission.

5.      Admitted in part, denied in part.  It is admitted that Zynerba issued a press release on September 18, 2019.  The remaining allegations are denied.  The September 18, 2019 Form 8-K and press release (the "September 2019 Press Release") are in writing and speak for themselves, and Plaintiffs' characterization thereof is denied.  Further, to the extent Paragraph 5 purports to allege trading prices for Zynerba's common stock on the Nasdaq Stock Market ("Nasdaq"), Zynerba respectfully refers the Court to the actual trading records of the Nasdaq for a complete and accurate statement of such prices.  Further, the allegation in Paragraph 5 that the Zynerba's stock price changed "on th[e] news" of the September 2019 Press Release is a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.

6.       Denied.  The allegations in Paragraph 6 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied. Defendants specifically deny that they made a material misstatement or omission.

7.       Denied. The allegations in Paragraph 7 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

8.       Denied.  The allegations in Paragraph 8 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

9.       Admitted in part, denied in part.  It is admitted that Zynerba is headquartered in Devon, Pennsylvania and that Defendants conduct business in this Judicial District.  The remaining allegations in Paragraph 9 are legal conclusions to which no response is required.

10.      Denied.  The allegations in Paragraph 10 are legal conclusions or arguments to which no response is required.

11.      Denied.  Defendants lack sufficient knowledge or information to answer the allegation in Paragraph 11 concerning whether or when Plaintiffs acquired Zynerba securities. The remaining allegations in Paragraph 11 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.

13.      Admitted in part, denied in part.  It is admitted that Zynerba is a Delaware corporation with its principal offices in Devon, Pennsylvania; that Zynerba was founded in 2007 under the name AllTranz, Inc. and changed its name to Zynerba in August 2014; and that Zynerba securities trade on the Nasdaq under the ticker symbol "ZYNE."  The remaining allegation in Paragraph 13, *i.e.*, that Zynerba securities trade in an efficient market, is a legal conclusion to which no response is required, and it is therefore denied.

14.     Admitted in part, denied in part.  It is admitted that Armando Anido ("Anido") has served as Zynerba's Chairman and Chief Executive Officer.  The allegation in Paragraph 14 concerning the "relevant times" is both vague and a legal conclusion or argument to which no response is required.

15.     Admitted in part, denied in part.  It is admitted that James E. Fickenscher ("Fickenscher") has served as Zynerba's Chief Financial Officer.  The allegation in Paragraph 15 concerning the "relevant times" is both vague and a legal conclusion or argument to which no response is required.

16.     Paragraph 16 contains no allegations of fact, and accordingly, no response is required.

17.     Admitted in part, denied in part.  It is admitted that the Individual Defendants reviewed the SEC filings and press releases alleged herein to be misleading and were given the opportunity to comment upon or suggest corrections to them.  The remaining allegations in Paragraph 17 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.  By way of further response, Defendants specifically deny that they made any material misstatement or omission.

19.     Admitted in part, denied in part.  It is admitted only that Zynerba is developing and clinically testing Zygel, which is a transdermal CBD gel intended to treat DEE in children and adolescents (ages three to seventeen years), as well as other indications.  It is further admitted that Zygel is Zynerba's only drug under development, although it is being developed for multiple indications.  The remaining allegations of this paragraph are denied.  Further, Zynerba's SEC filings are in writing and speak for themselves, and Plaintiffs' characterization thereof is denied.

20.     Admitted in part, denied in part.  It is admitted only that Zynerba is not yet profitable and that Zynerba's primary source of liquidity has been the issuance of equity securities.  Plaintiffs' characterization thereof is denied.  Further, Zynerba's July 5, 2018 Form 8-K and press release, March 11, 2019 Form 10-K for the quarter and year ended December 31, 2018 (the "2018 10-K"), and other public statements are in writing and speak for themselves, and Plaintiffs' characterization thereof is denied.

21.     Denied.  The allegations in Paragraph 21 are legal conclusions or arguments to which no response is required.  Further, FDA rules and regulations are in writing and speak for themselves, and Plaintiffs' characterization thereof is denied.

22.     Denied.  The allegations in Paragraph 22 are legal conclusions or arguments to which no response is required.  Further, FDA rules and regulations are in writing and speak for themselves, and Plaintiffs' characterization thereof is denied.

23.     Admitted in part, denied in part.  It is admitted only that an open-label trial is one in which both the researchers and trial patients know which treatment the patient is receiving and that Zynerba had access to a database containing information about adverse events experienced during the BELIEVE 1 trial.  The remaining allegations of Paragraph 23 are denied.  Defendants' pre-Class Period statements, including the April 10, 2018 Form 8-K and press release, are in writing and speak for themselves, and Plaintiffs' characterization thereof is denied.

24.     Admitted in part, denied in part.  It is admitted only that fewer than fifty patients were enrolled in the BELIEVE 1 trial, that the BELIEVE 1 trial had a primary endpoint of change in seizure frequency from baseline, that the BELIEVE 1 trial also evaluated Zygel's safety, and that Zynerba conducted the BELIEVE 1 trial study in Australia and New Zealand. Zynerba's December 17, 2018 Form 8-K and press release (the "December 2018 8-K") are in

writing and speak for themselves, and Plaintiffs' characterization thereof is denied. The remaining allegations of Paragraph 24 are denied.

25. Denied. The December 2018 8-K is in writing and speaks for itself, and Plaintiffs' characterization thereof is denied.

26. Denied. Zynerba's website is in writing and speaks for itself, and Plaintiffs' characterization thereof is denied. By way of further response, Defendants aver that the passages quoted in the second sentence of Paragraph 26 are specifically referred to as "*potential*" benefits on Zynerba's website.

27. Denied. The allegations in Paragraph 27 are legal conclusions or arguments to which no response is required. Further, Zynerba's website is in writing and speaks for itself, and Plaintiffs' characterization thereof is denied.

28. Denied. The allegations in Paragraph 28 are legal conclusions or arguments to which no response is required. Further, Zynerba's SEC filings and presentations to investors are in writing and speak for themselves, and Plaintiffs' characterization thereof is denied.

29. Denied. The 2018 10-K is in writing and speaks for itself, and Plaintiffs' characterization thereof is denied.

30. Denied. The 2018 10-K is in writing and speaks for itself, and Plaintiffs' characterization thereof is denied.

31. Denied. The 2018 10-K is in writing and speaks for itself, and Plaintiffs' characterization thereof is denied.

32. Denied. The allegations in Paragraph 32 are legal conclusions or arguments to which no response is required. To the extent a response is required, the allegations are denied.

Further, the 2018 10-K is in writing and speaks for itself, and Plaintiffs' characterization thereof is denied.

33.    Denied.  Zynerba's Quarterly Report on Form 10-Q with the SEC for the quarter ended March 31, 2019 (the "1Q19 10-Q") is in writing and speaks for itself, and Plaintiffs' characterization and emphasis thereof are denied.

34.    Denied.  The allegations in Paragraph 34 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied. Further, the 1Q19 10-Q is in writing and speaks for itself, and Plaintiffs' characterization thereof is denied.

35.    Denied.  The allegations in Paragraph 35 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied. Further, the 1Q19 10-Q is in writing and speaks for itself, and Plaintiffs' characterization thereof is denied.

36.    Denied.  Zynerba's June 7, 2019 slideshow presentation is in writing and speaks for itself, and Plaintiffs' characterization thereof is denied.

37.    Denied.  The allegations in Paragraph 37 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied. Further, Zynerba's slideshow presentation is in writing and speaks for itself, and Plaintiffs' characterization thereof is denied.

38.    Denied.  The allegations in Paragraph 38 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied. Further, Zynerba's Quarterly Report on Form 10-Q with the SEC for the quarter ended June 30,

2019 (the "2Q19 10-Q") is in writing and speaks for itself, and Plaintiffs' characterization thereof is denied.

39.     Denied.  The 2Q19 10-Q and the Open Market Sales Agreement with Jefferies LLC are in writing and speak for themselves, and Plaintiffs' characterization thereof, as well as Plaintiffs' characterization of Zynerba's issuance of common stock, are denied.  Further, the allegation concerning what "might not have" happened is a legal conclusion or argument to which no response is required.  To the extent a response is required, the allegation is denied.

40.     Denied.  The allegations in Paragraph 40 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.  Further, Zynerba's August 6, 2019 Form 8-K and corporate overview presentation are in writing and speak for themselves, and Plaintiffs' characterization thereof is denied.

41.     Denied.  The allegations in Paragraph 41 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.  To the extent that Paragraph 41 refers to Zynerba's August 6, 2019 Form 8-K and corporate overview presentation, those documents are in writing and speak for themselves, and Plaintiffs' characterization thereof is denied.

42.     Denied.  The allegations in Paragraph 42 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.  Further, Zynerba's August 30, 2019 Form 8-K is in writing and speaks for itself, and Plaintiffs' characterization thereof is denied.

43.     Denied.  The August 30, 2019 Form 8-K is in writing and speaks for itself, and Plaintiffs' characterization thereof is denied.

44.     Denied.  The allegations in Paragraph 44 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.

45.     Denied.  The September 2019 Press Release is in writing and speaks for itself, and Plaintiffs' characterization thereof is denied.

46.     Denied.  To the extent Paragraph 46 purports to allege trading prices for Zynerba's common stock on the Nasdaq, Zynerba respectfully refers the Court to the actual trading records of the Nasdaq for a complete and accurate statement of such prices.  Further, the allegation in Paragraph 46 that Zynerba's stock price changed "on th[e] news" of the September 2019 Press Release is a legal conclusion to which no response is required.

35.     Denied.  The allegations in Paragraph 35 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.  By way of further response, Defendants deny that they engaged in any wrongful acts or omissions that caused Plaintiffs or the putative class members any cognizable damages or losses.

36.     Paragraph 36 contains no allegations of fact and requires no response.  To the extent a response is required, the allegations are denied.

38.     Denied.  The allegations in Paragraph 38 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.

39.     Denied.  The allegations in Paragraph 39 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.

40.     Denied.  The allegations in Paragraph 40 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.

41.     Denied.  The allegations in Paragraph 41 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.

42.     Denied.  The allegations in Paragraph 42 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.

43.     Denied.  The allegations in Paragraph 43 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.

44.     Denied.  The allegations in Paragraph 44 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.

45.     Denied.  The allegations in Paragraph 45 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.

## AS AND FOR A RESPONSE TO COUNT I

46.     Defendants repeat and reallege each and every paragraph set forth above as if fully set forth herein.

47.     Denied.  The allegations in Paragraph 47 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.

48.     Denied.  The allegations in Paragraph 48 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.

49.     Admitted in part, denied in part.  It is admitted only that the Individual Defendants participated, directly or indirectly, in the preparation and/or issuance of certain Zynerba public filings.  The remaining allegations of Paragraph 49 are denied because they are legal conclusions or arguments to which no response is required.  To the extent a response is required, the remaining allegations are denied.  Further, Zynerba's quarterly and annual reports, SEC filings, press releases, and other statements and documents are in writing and speak for themselves, and Plaintiffs' characterization thereof is denied.

10

50.     Denied.  The allegations in Paragraph 50 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.

51.     Admitted in part, denied in part.  It is admitted only that the Individual Defendants had knowledge of certain non-public information regarding Zynerba.  The remaining allegations in Paragraph 51 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.

52.     Denied.  The allegations in Paragraph 52 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.

53.     Denied.  The allegations in Paragraph 53 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.

54.     Denied.  The allegations in Paragraph 54 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.

55.     Denied.  The allegations in Paragraph 55 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.

<u>**AS AND FOR A RESPONSE TO COUNT II**</u>

56.     Defendants repeat and reallege each and every paragraph set forth above as if fully set forth herein.

57.     Admitted in part, denied in part.  It is admitted that the Individual Defendants participated in the operation and management of Zynerba and Zynerba's business affairs.  The remaining allegations are legal conclusions or arguments to which no response is required.  To the extent a response is required, the remaining allegations are denied.

58.     Denied. The allegations in Paragraph 58 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.

11

59.    Denied.  The allegations in Paragraph 59 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.

60.    Denied.  The allegations in Paragraph 60 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.

61.    Denied.  The allegations in Paragraph 61 are legal conclusions or arguments to which no response is required.  To the extent a response is required, the allegations are denied.

## PRAYER FOR RELIEF

WHEREFORE, Defendants request that the Court deny all relief requested by Plaintiffs in their Prayer for Relief.

## DEMAND FOR TRIAL BY JURY

Defendants hereby demand a trial by jury.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to them as to any element of Plaintiffs' claims, Defendants assert the following affirmative and other defenses, which apply to each and every cause of action asserted in the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring the claims they purport to assert.

## SECOND AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead their claims with the requisite particularity, as required under Federal Rule of Civil Procedure 9(b), the Private Securities Litigation Reform Act of 1995 ("PSLRA"), or any other applicable standard.

## FOURTH AFFIRMATIVE DEFENSE

Defendants did not make any false or misleading statements or omissions of material fact. For example, Zynerba repeatedly stated to investors that the BELIEVE 1 trial was ongoing and that it would release "top line results" in September 2019 (which it did).

## FIFTH AFFIRMATIVE DEFENSE

Any alleged misstatements or omissions were not material to the investment decisions of a reasonable investor in view of the total mix of information available to investors.  Plaintiffs are not entitled to any recovery because they would have purchased any relevant Zynerba security even with full knowledge of the facts that they now allege were misrepresented or omitted. Plaintiffs did not act, or choose not to act, based upon any alleged misrepresentation or omission of Defendants.

## SIXTH AFFIRMATIVE DEFENSE

Any alleged misstatements are non-actionable statements containing repetition of publicly-available information, forward-looking statements, statements accompanied by meaningful cautionary language, statements of opinion, and/or non-actionable statements under the bespeaks caution doctrine.

13

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs allege untrue statements of material fact, omissions of material fact, misleading statements, and/or other challenged statements that fall within the Safe Harbor provisions of the PSLRA.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are predicated on statements of opinion or belief, which Plaintiffs cannot prove were objectively false when made.  Plaintiffs also cannot prove that these statements misrepresented the speaker's subjective opinion or belief.

## NINTH AFFIRMATIVE DEFENSE

Even if Defendants did make any false or misleading statements or omissions of material fact, Defendants did not act with scienter.  Defendants acted at all times in good faith and without knowledge or intent to commit securities fraud and did not directly or indirectly participate in or induce any unlawful acts.  Defendants had no knowledge, and were not reckless in not knowing, that any alleged statements or omissions were false or misleading.

## TENTH AFFIRMATIVE DEFENSE

Factors other than the alleged misstatements and omissions influenced the price of Zynerba securities when Plaintiffs allegedly purchased or owned such securities.  Further, factors unrelated to the alleged misrepresentations and omissions in the relevant public disclosures caused all or some of the alleged decline in value of Zynerba securities, and/or an insufficient number of traders in those securities relied on the allegedly false and misleading statements or omissions to affect the value of the securities.

14

## ELEVENTH AFFIRMATIVE DEFENSE

No act or omission attributable to Defendants was the actual, proximate, and/or legal cause of any alleged injury, loss, or damages suffered by Plaintiffs.  Moreover, Defendants are not liable for any alleged injury, loss, or damages suffered by Plaintiffs to the extent that (i) the negligent, reckless, or willful acts of others constituted independent, intervening, and superseding causes, (ii) Plaintiffs' purported injury, loss, or damages, if any, were caused or contributed to, in whole or in part, by Plaintiffs themselves, or (iii) Plaintiffs' purported injury, loss, or damages, if any, were caused or contributed to, in whole or in part, by the policies, practices, acts, or omissions of independent persons or entities other than Defendants over which Defendants have no control.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs did not actually and/or justifiably rely on Defendants' alleged misstatements and omissions.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs relied exclusively upon their own judgment and decisions, independent investigations, and the advice of their professional investment advisors in making their alleged purchase or sale of Zynerba securities.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs purchased Zynerba securities with the actual or constructive knowledge of the risks involved in an investment in such offered securities and assumed the risk that the value of the securities would decline if risks materialized.

## FIFTEENTH AFFIRMATIVE DEFENSE

The applicable statutes of limitations and/or repose and the doctrine of laches bar Plaintiffs' claims.

## SIXTEENTH AFFIRMATIVE DEFENSE

This action may not be maintained as a class action under Federal Rule of Civil Procedure 23 because, among other reasons, the named Plaintiffs are not proper class representatives.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate any damage they allege to have suffered.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs ratified any alleged wrongful acts or omissions.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants neither owed nor breached any duty to Plaintiffs to disclose information allegedly omitted in any relevant public disclosure, and were under no duty to revise, update, or correct any previously made statements.

## TWENTIETH AFFIRAMTIVE DEFENSE

To the extent Defendants are found liable for any of Plaintiffs' claims, they are entitled to contribution from any other persons whose acts or omissions contributed to the occurrence of the alleged injury and/or loss.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent Defendants are found liable for any of Plaintiffs' claims, any damage, loss, or liability sustained by Plaintiffs must be reduced or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than Defendants under principles of equitable

16

allocation, recoupment, set-off, proportionate responsibility, and comparative fault, including under the proportionate liability provisions of the federal securities laws.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The damages alleged in the Amended Complaint are too speculative to be recoverable at law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Persons who acquired any Zynerba security after Zynerba made generally available the information that was allegedly omitted from any relevant public disclosure, or after Zynerba made generally available information that otherwise corrected any of the challenged statements alleged in the Amended Complaint, cannot recover because they cannot prove they acquired the security relying upon the alleged untrue statements in, or not knowing of the alleged omissions from, any such public disclosure or statement.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants are absolved from any and all liability for the wrongs alleged in the Amended Complaint by reason of their compliance with all statutes, regulations, or other laws in effect at the time of the conduct alleged in the Amended Complaint.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs or putative class members would be unjustly enriched if they were permitted to obtain any recovery in this action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## ADDITIONAL DEFENSES RESERVED

Defendants hereby give notice that they may rely on other defenses if and when such defenses become known during the course of litigation.  Defendants further reserve the right to

17

amend this Answer and to assert any additional defenses, cross-claims, counterclaims, and third-party claims as they become known or available.


Dated:  January 15, 2021                          Respectfully submitted,

                                                  */s/ David H. Kistenbroker*
                                                  David H. Kistenbroker
                                                     (admitted *pro hac vice*)
                                                  DECHERT LLP
                                                  35 West Wacker Drive
                                                  Suite 3400
                                                  Chicago, IL 60601-1608
                                                  Tel: 312-646-5800
                                                  Facsimile: 312-646-5858
                                                  david.kistenbroker@dechert.com

                                                  Michael S. Doluisio (Pa. 75060)
                                                  Tiffany Engsell (Pa. 320711)
                                                  Jeffrey J. Masters (Pa. 322439)
                                                  DECHERT LLP
                                                  Cira Centre
                                                  2929 Arch Street
                                                  Philadelphia, PA 19104
                                                  Tel:  215-994-4000
                                                  Facsimile: 215-994-2222
                                                  michael.doluisio@dechert.com
                                                  tiffany.engsell@dechert.com
                                                  jeffrey.masters@dechert.com

                                                  *Attorneys for Defendants*