**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SCOTT WHITELEY and HARRY BERGER, Individually and on behalf of all others similarly situated, | Case No: 2:19-cv-04959-NIQA |
| Plaintiffs, | |
| v. | |
| ZYNERBA PHARMACEUTICALS, INC., ARMANDO ANIDO, and JAMES E. FICKENSCHER, | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF**
**JOINT MOTION TO STAY PROCEEDINGS**

The Parties to this action, by and through their counsel, jointly move to stay proceedings, pending this Court's final approval of the settlement in principle reached by the Parties.

**I.      STATUS OF THE ACTION**

On March 2, 2021, the Parties executed a Memorandum of Understanding, settling this putative class action in principle. The parties have begun negotiating a stipulation of settlement and accompanying documents, including notice to the putative class pursuant to Fed. R. Civ. P. 23(e)(1) and the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. §78u-4(a)(7). The Parties intend to execute a stipulation of settlement and, pursuant to Rule 23(e), for Plaintiffs to file an unopposed motion for preliminary approval by April 30, 2021.

**II.      FED. R. CIV. P. 23(e) REQUIREMENTS FOR SETTLEMENT APPROVAL**

After the Parties execute the stipulation of settlement and Plaintiffs file their unopposed motion for preliminary approval, Plaintiffs will request that the Court take the following actions:

A.      ***Grant Plaintiffs' motion for preliminary approval of the settlement***. As soon possible after Plaintiffs file their unopposed motion for preliminary approval, the Court should convene a preliminary approval hearing. At that hearing, this Court must principally consider: (i) whether preliminarily to certify a settlement class; (ii) whether, pursuant to Fed. R. Civ. P. 23 (e)(1), the notice to potential settlement class members that Plaintiffs propose is adequate; (iii) the appointment of a claims administrator to transmit notice to potential settlement class members and to administer the distribution of the net settlement proceeds; and (iv) the selection of dates for (a) a final approval hearing, (b) briefing in support of final approval and Plaintiffs' request for attorneys' fees and reimbursement of out-of-pocket expenses, (c) requests for exclusion from the settlement class, and (d) objections to the settlement or to Plaintiffs' attorneys' fees request.

B.      ***Grant Plaintiffs' motion for final approval and their request for attorneys' fees and reimbursement of out-of-pocket expenses from the settlement fund***. Approximately 100 days after this Court grants preliminary approval, the Court must convene a final approval hearing. At the final approval hearing pursuant to Fed. R. Civ. P. 23(e)(2), the Court must principally consider: (i) whether finally to certify the settlement class;  (ii) whether to approve the settlement as fair, reasonable, and adequate; (iii) Plaintiffs' request for an award of attorneys' fees and reimbursement of out-of-pocket expenses; (iv) Plaintiffs' request for an award for their representation of the class; and (v) objections, if any, from settlement class members either to the settlement or Plaintiffs' request for attorneys' fees.

C.      ***Grant Plaintiffs' motion for distribution of the net settlement fund to approved claimants***. Within 90 days from final approval and in the absence of any appeal, Plaintiffs will file a motion for distribution of the net settlement fund, attaching the claims administrator's declaration containing a list of all approved claimants, the settlement class members entitled to recovery, and any claims it recommends the Court reject. Upon the Court's grant of the distribution motion, the claims administrator will distribute funds to settlement class members.

D.      The Court should retain jurisdiction over this proposed class action, the Parties, and claimants, both approved and rejected, until the claims administrator distributes the settlement proceeds in their entirety.

## III.    STAY OF PROCEEDINGS

The Parties jointly request that the Court stay all proceedings, pending final approval of the Settlement. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co*., 299 U.S. 248, 254 (1936); *cf. Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir.1976) ("In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues"). Courts consider the following factors in determining whether to stay proceedings: (1) whether a stay will simplify issues and promote judicial economy; (2) the balance of harm to the parties; and (3) the length of the requested stay. *See Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 737–38 (3d Cir.1983) (citing *Landis*, 299 U.S. at 254–55).

The Parties anticipate concluding negotiations on a stipulation of settlement and accompanying documents, including the forms of notice to the Class by late March 2021. Thereafter, Plaintiffs intend to file an unopposed motion for preliminary approval of the settlement by April 30, 2021. Should the Parties require additional time, they will file a Notice to the Court, informing of the additional time they believe they will require to conclude negotiating the stipulation of settlement. The stay will simplify the issues, promote judicial economy, and preserve the Parties' resources, pending resolution of the entire case. A stay of proceedings will harm no party, instead conserving resources in anticipation of final approval of the proposed class action settlement. Moreover, if for some reason the Court does not finally approve the proposed settlement, the Parties will return to their respective positions, resuming litigation.

## IV. CONCLUSION

To promote judicial economy and to conserve litigation resources, therefore, the parties respectfully request that the Court stay proceedings in this Action, pending Plaintiffs' filing their motion for preliminary approval.

Dated:  March 8, 2021                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ *Jacob A. Goldberg*
Jacob A. Goldberg
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: (215) 600-2817
Fax: (212) 202-3827
Email: jgoldberg@rosenlegal.com

**ROSEN LAW FIRM**
Jing Chen
275 Madison Avenue, 40th floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: jchen@rosenlegal.com

**POMERANTZ LLP**
Jeremy A. Lieberman
Tamar A. Weinrib
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email:  jalieberman@pomlaw.com
       taweinrib@pomlaw.com

*Lead Counsel for Lead Plaintiffs and the Proposed Class*

**DECHERT LLP**

/s/ *David H. Kistenbroker*
David H. Kistenbroker (pro hac vice)
35 West Wacker Drive, Suite 3400
Chicago, IL 60601-1608
Telephone: (312) 646-5800
Facsimile: (312) 646-5858
Email: david.kistenbroker@dechert.com

**DECHERT LLP**
Michael S. Doluisio
Tiffany Engsell
Cira Center
2929 Arch Street
Philadelphia, PA 19104
Telephone: (215) 994-4000
Facsimile: (215) 994-2222
Email: michael.doluisio@dechert.com
       Tiffany.engsell@dechert.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of March 2021 a true and correct copy of the foregoing

***Joint Motion to Stay Proceedings*** was served by CM/ECF to the parties registered to the Court's

CM/ECF system.


/s/ *Jacob Goldberg*
Jacob Goldberg