EXHIBIT A

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT WHITELEY and HARRY BERGER, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>ZYNERBA PHARMACEUTICALS, INC., ARMANDO ANIDO, and JAMES E. FICKENSCHER,<br><br>      Defendants. | Case No: 2:19-cv-04959-NIQA |

**[PROPOSED] ORDER GRANTING LEAD PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, Lead Plaintiffs Scott Whiteley and Harry Berger (on behalf of themselves and each of the Settlement Class Members) ("Lead Plaintiffs"), and Defendants Zynerba Pharmaceuticals, Inc. ("Zynerba" or the "Company"), Armando Anido ("Anido"), and James E. Fickenscher ("Fickenscher") (collectively, "Defendants"), have entered into the Stipulation of Settlement, dated  April 30, 2021 (the "Settlement Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the class action pending before the Court captioned *Whiteley v. Zynerba Pharmaceuticals, Inc. et al*, Case No. 2:19-cv-04959-NIQA (E.D. Pa.) (the "Action"); and the Court having read and considered the Settlement Stipulation, the exhibits thereto, and the related submissions, and finding that substantial and sufficient grounds exist for entering this Order; and the Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ____ day of _____, 2021, that:

1.      Capitalized terms used herein have the meanings defined in the Settlement Stipulation.

2.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all Persons (including, without limitation, their beneficiaries) who purchased or otherwise acquired Zynerba securities from March 11, 2019 through September 17, 2019, both dates inclusive. Excluded from the Class are (i) the Defendants; (ii) the officers and directors of Zynerba during the Class Period; (iii) the immediate family members, legal representatives, heirs, successors or assigns of such excluded persons; (iv) any entity in which any Defendant has or had

a controlling interest during the Settlement Class Period; and (v) all putative members of the Settlement Class who exclude themselves by filing a valid and timely request for exclusion.

3.      This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Lead Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Co-Lead Counsel, previously selected by Lead Plaintiffs and appointed by the Court, are hereby appointed as Co-Lead Counsel for the Settlement Class ("Co-Class Counsel").

5.      The Court finds that: (a) the Settlement Stipulation resulted from good faith, arm's length negotiations; and (b) the Settlement Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing.

6.      The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing (the "Final Approval Hearing") pursuant to Federal Rule of Civil

Procedure 23(e), which is hereby scheduled to be held before the Court on _____ 2021 at __:___ __.m. for the following purposes:

> (a)     to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

> (b)     to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

> (c)     to determine finally whether the Order and Final Judgment as provided under the Settlement Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Releasing Parties of the Released Claims against the Released Parties, as set forth in the Settlement Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempts to prosecute any Released Claims extinguished by the release against any of the Released Parties, as also set forth in the Settlement Stipulation;

> (d)     to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

> (e)     to consider of the Fee and Expense Application of Co-Class Counsel for an award of attorneys' fees and expenses and an award to the Class Representatives;

> (f)     to consider Settlement Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Final Approval Hearing by Settlement Class Members (or by counsel on their behalf) provided that they gave proper notice that they intend to appear at the Final Approval Hearing; and

> (g)     to rule upon such other matters as the Court may deem appropriate.

7.      The Court reserves the right to adjourn the Final Approval Hearing to a later date and to approve the Settlement without modification, or with such modifications as may be agreed to by the Parties, and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

8.      The Court approves the form and substance: (a) the Notice; (b) the Publication Notice; (c) the Postcard Notice; and (d) the Proof of Claim and Release Form, all of which are exhibits to the Settlement Stipulation.

9.      The Court finds that Co-Class Counsel have the authority to enter into the Settlement on behalf of the Settlement Class and have the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Settlement Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

10.     For settlement purposes only, Strategic Claims Services is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

11.     Within fourteen (14) Business Days after the later of (i) entry of an Order of Preliminary Approval of the Settlement, and (ii) Defendant Counsel's receipt of complete payee information for the interest-bearing "Escrow Account" (including wire instructions and the name, tax identification number, and Form W-9), Zynerba shall cause to be wired or paid by check or draft, at the sole election of Insurer, to the Escrow Agent $4,000,000 (Four Million Dollars) to be deposited into the Settlement Fund.

12.     No later than May 30, 2021, Zynerba, shall obtain from its transfer agent, at Zynerba's expense, a list of certificate or record holders who may have purchased shares of Zynerba common stock between March 11, 2019 and September 17, 2019, inclusive of those dates, and shall provide, and/or cause its transfer agent to provide, to Co-Class Counsel a list of the record owners of Zynerba securities during the Class Period in a usable electronic format, such as an Excel spreadsheet.  This information will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order.

13.     Co-Class Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held Zynerba securities during the Class Period as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the Notice and Proof of Claim and Release Form, either: (i) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners; (ii) request an electronic copy of the Publication Notice or a link to the Notice and Proof of Claim and Release Form and email the Publication Notice or link to the Notice and Proof of Claim and Release Form in electronic format to each such beneficial owner; or (iii) request copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners. As agent for beneficial owners, any nominee or custodian who fails timely to comply with this Order must provide the Claims Administrator with an excuse for its neglect, in writing. Failure timely to comply and to provide an excuse for its failure to comply with this Order may cause the Court to deny any request to extend deadlines for exclusion, objection, or filing claims for a nominee's or custodian's beneficial owners. In turn, the nominee's or custodian's failure to timely or otherwise

comply may disable its beneficial owners from excluding themselves from the Settlement Class, objecting to the Settlement, and recovering from the Settlement Fund.  Nominees or custodians who elect to email notice or send the Postcard Notice to their beneficial owners shall send a written certification to the Claims Administrator confirming that the emailing and/or mailing has been made as directed. Additional copies of the Postcard Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement, up to a maximum of $0.05 plus postage at the pre-sort postage rate used by the Claim Administrator per Postcard Notice actually mailed; $0.05 per Publication or Notice and Proof of Claim and Release Form link emailed; or $0.05 per name, address, and email address provided to the Claims Administrator.

14.     Co-Class Counsel shall, at least seven (7) calendar days before the Final Approval Hearing, serve upon counsel for Defendants, and file with the Court, proof of the mailing of the Notice and Proof of Claim and Release Form as required by this Order.

15.     Co-Class Counsel, through the Claims Administrator, shall cause the Settlement Stipulation and its exhibits, this Order, and a copy of the Notice and Proof of Claim and Release Form to be posted on the Claims Administrator's website within twelve (12) Business Days after entry of this Order.

16.     Co-Class Counsel, through the Claims Administrator, shall cause the Publication Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within twenty (20) Business Day of entry of this Order. Class Counsel

shall, at least seven (7) calendar days before the Final Approval Hearing, serve upon counsel for Defendants and file with the Court proof of publication of the Publication Notice.

17.     Co-Class Counsel, through the Claims Administrator, shall cause the Postcard Notice, the Publication Notice, or links to the Notice and Proof of Claim and Release Form, substantially in the forms annexed to the Settlement Stipulation, (i) to be mailed, where disseminating the Postcard Notice, by first class mail, postage prepaid, within twelve (12) Business Days of entry of this Order, to all Class Members who can be identified with reasonable effort by Class Counsel, through the Claims Administrator; or (ii) to be emailed, where disseminating the Summary Notice or links to the Notice and Proof of Claim and Release Form, within twelve (12) Business Days calendar days of the entry of this Order, to all Class Members for whom email addresses may be obtained with reasonable effort, through the Claims Administrator.

18.     The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto.

19.     No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

20.     In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

EXHIBIT A

 (a) A properly completed and executed Proof of Claim and Release Form must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than _____, 2021 (thirty (30) calendar days prior to the Final Approval Hearing). Such deadline may be further extended by Order of the Court. Each Proof of Claim and Release Form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim and Release Form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim and Release Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

 (b) The Proof of Claim and Release Form submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the person executing the Proof of Claim and Release Form is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim and Release Form; and (iv) the Proof of Claim and Release Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

EXHIBIT A

(c)     Once the Claims Administrator has considered a timely submitted Proof of Claim and Release Form, it shall determine whether such claim is valid, deficient or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim and Release Form that is deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

(d)     As part of the Proof of Claim and Release Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Settlement Stipulation. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proof of Claim and Release Forms, nor shall any discovery from or of Defendants be allowed on any topic.

21.     All Settlement Class Members who do not submit valid and timely Proof of Claim and Release Forms will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Settlement Stipulation and the Order and Final Judgment, if entered.

22.     Settlement Class Members shall be bound by all determinations and judgments in this Action whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request for exclusion shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than _____, 2021 (twenty-one (21) calendar days prior to the Final Approval Hearing) (the "Exclusion Deadline"), to the addresses listed in the Notice. In order to be valid, such request for exclusion: (A) must clearly indicate the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *Whiteley v. Zynerba Pharmaceuticals, Inc. et al*, Case No. 2:19-cv-04959-NIQA (E.D. Pa.);" and (B) state (i) the date, number of shares, and dollar amount of each Zynerba securities purchase or acquisition during the Settlement Class Period, and any sale transactions; and (ii) the number of shares of Zynerba securities held by the Person as of March 11, 2019 and September 17, 2019.  In order to be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase or acquisition and, if applicable, sale transaction of Zynerba securities during the Settlement Class Period; and (ii) demonstrating the Person's status as a beneficial owner of the Zynerba securities. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Co-Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

23.    The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to Defendants' Counsel and Co-Class Counsel as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

24.    Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than five (5) calendar days  before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

25.    All Persons who submit a valid, timely and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

26.    The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, the Order and Final Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and briefs to each of the following counsel at least twenty-one (21) calendar days prior to the Final Approval Hearing:

CLASS COUNSEL:

Jeremy A. Lieberman
Tamar A. Weinrib
**POMERANTZ LLP**
600 Third Avenue, Floor 20
New York, New York 10016

Jacob A. Goldberg
**THE ROSEN LAW FIRM, P.A.**

101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046

COUNSEL FOR DEFENDANTS:

David Kistenbroker
**DECHERT LLP**
35 West Wacker Drive, Suite 3400
Chicago, IL 60601

Michael S. Doluisio
**DECHERT LLP**
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
michael.doluisio@dechert.com

and that Person has (at least twenty-one (21) calendar days prior to the Final Approval Hearing)

filed said objections, papers and briefs, showing due proof of service upon counsel identified

above, with the Clerk of the Court, U.S. District Court, Eastern District of Pennsylvania, 601

Market Street, Room 2609, Philadelphia, PA 19106-1797. To be valid, any such objection must

contain the Settlement Class Member's: (1) name, address, and telephone number, (2) a list of all

purchases, acquisitions, sales, and dispositions of Zynerba securities during the Settlement Class

Period in order to show membership in the Settlement Class, (3) all grounds for the objection,

including any legal support known to the Settlement Class Member and/or his, her, or its counsel,

(4) the name, address and telephone number of all counsel who represent the Settlement Class

Member, including former or current counsel who may be entitled to compensation in connection

with the objection, and (5) the number of times the Settlement Class Member and/or his, her, or

its counsel has filed an objection to a class action settlement in the last five years, the nature of

each such objection in each case, the jurisdiction in each case, and the name of the issuer of the

security or seller of the product or service at issue in each case. Attendance at the Final Approval

Hearing is not necessary but Persons wishing to be heard orally in opposition to the approval of

the Settlement Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Final Approval Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Approval Hearing . Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

27.     Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Settlement Stipulation and by all proceedings, orders and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

28.     The Court reserves the right to adjourn the Final Approval Hearing without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

29.     All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than twenty-one (21) calendar days before the Final Approval Hearing.

30.     Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

31.     Defendants, their counsel, their Insurers and other Released Parties shall have no responsibility for, or liability with respect to, the Plan of Allocation or the Fee and Expense Application or expenses or payments to the Class Representatives submitted by Co-Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

32.     Pending final determination of whether the Settlement should be approved, all Releasing Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Parties in any court or tribunal or proceeding. Unless and until the Settlement Stipulation is cancelled and terminated pursuant to the Settlement Stipulation, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Stipulation, are hereby stayed and suspended until further order of the Court.

33.     All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the Settlement Stipulation and Plan of Allocation and/or further order(s) of the Court.

34.     Neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed or deemed to be evidence of (i) any presumption, admission or concession on the part of any Defendant, Defendants' Counsel, Insurer, or any of the Defendant Releasees with respect to any claim of any fact alleged by Lead

Plaintiffs or any Settlement Class Member, the validity of any claim that was or could have been asserted by Lead Plaintiffs or any Settlement Class Member, or any deficiency of any defense that has been or could have been asserted by the Defendants in this Action or in any other litigation, or (ii) any deception, negligence, fault, liability, wrongdoing, or damage whatsoever and of any kind of any Defendant or any of the Defendant Releasees or in any way referred to for any other reason as against any Defendant or any of the Defendant Releasees, in any civil, criminal, or administrative action or proceeding.

35.     In the event the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed immediately prior to the execution of the Settlement Stipulation.

36.     The Court reserves the right to alter the time or the date of the Final Approval Hearing without further notice to the Class Members, provided that the time or the date of the Final Approval Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 6 above.  The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Settlement Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim and Release Form submitted and any future requests by one or more of the Parties that the Order and Final Judgment, the releases and/or the permanent injunction set forth in the Settlement Stipulation be enforced.

EXHIBIT A

Dated: _____, 2021

_____
HON. NITZA I. QUIÑONES ALEJANDRO
UNITED STATES DISTRICT COURT JUDGE