EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| SCOTT WHITELEY and HARRY BERGER, individually and on behalf of all others similarly situated, | Case No: 2:19-cv-04959-NIQA |
| Plaintiffs, | |
| v. | |
| ZYNERBA PHARMACEUTICALS, INC., ARMANDO ANIDO, and JAMES E. FICKENSCHER, | |
| Defendants. | |

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT FAIRNESS HEARING**

If you purchased or otherwise acquired Zynerba Pharmaceuticals, Inc. ("Zynerba" or the "Company") securities between March 11, 2019 and September 17, 2019, both dates inclusive (the "Class Period"), you could get a payment from a proposed class action settlement (the "Settlement").

*A federal court authorized this Notice. This is not attorney advertising.*

- The Settlement resolves the lawsuit captioned *Whiteley v. Zynerba Pharmaceuticals, Inc. et al*, Case No. 2:19-cv-04959-NIQA, pending in the United States District Court for the Eastern District of Pennsylvania in Philadelphia, Pennsylvania (the "Action") concerning whether Zynerba, Armando Anido, and James E. Fickenscher (collectively "Defendants") violated federal securities laws by allegedly making misrepresentations and/or omissions of material fact in public statements concerning the safety of Zygel, based on data from Phase II clinical testing. Defendants have denied and continue to deny each, any, and all allegations of deception, wrongdoing, fault, liability, or damage whatsoever asserted by Lead Plaintiffs. Defendants have also denied, *inter alia*, the allegations that Lead Plaintiffs or the Settlement Class have suffered damages or that Lead Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit.

- The Court will hold a Settlement Hearing on _____, 2021 at _____ to decide whether to approve the Settlement. If approved by the Court, the Settlement will provide $4,000,000 gross (the "Settlement Amount"), plus interest as it accrues, minus attorneys' fees and expenses, costs, and administrative expenses, net of any taxes on interest, to pay claims of investors who purchased or otherwise acquired Zynerba securities during the Class Period.

EXHIBIT B

- The Settlement represents an average recovery of $0.25 per share of Zynerba common stock for the approximately 16.1 million estimated shares that Lead Plaintiffs allege were damaged and declined in value as a result of Defendants' alleged conduct during the Class Period. A share may have been traded more than once during the Class Period. This estimate solely reflects the average recovery per outstanding share of Zynerba common stock. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Zynerba securities, the purchase and sales prices, and the total number of claims filed. See the Plan of Allocation on page 10 below for more detail.

- To claim your share of the Settlement, you must submit a valid Proof of Claim and Release form ("Proof of Claim") by _____, 2021.

- Attorneys for Lead Plaintiffs ("Co-Lead Counsel") intend to ask the Court to award them fees of up to one-third of the Settlement Amount ($1,333,333.33) plus interest and reimbursement of up to $150,000 in litigation expenses. Since the Action's inception, Co-Lead Counsel have expended considerable time and effort in this litigation on a contingent-fee basis and have advanced the expenses of the litigation in the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. Co-Lead Counsel also intend to ask the Court to grant a Compensatory Award to Lead Plaintiffs collectively not to exceed $15,000 (or $7,500 each). Collectively, the requested attorneys' fees and litigation expenses and Compensatory Award to Lead Plaintiffs are estimated to average $0.09 per allegedly damaged share of Zynerba common stock. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The estimated average recovery to Settlement Class Members, after the deductions set forth in the preceding paragraph, is $0.16 per allegedly damaged share of Zynerba. This estimate is based on the assumptions set forth in the preceding paragraph. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Zynerba securities, the purchase and sales prices, and the total number and amount of claims filed.

- The parties disagree on the monetary amount of any potential award of damages if investors prevailed at trial.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

- While you remain a member of the Settlement Class, you are excluded from recovering any portion of the Settlement Fund if you have a net profit in purchases and sales of Zynerba common stock or otherwise suffered no compensable damages during the Settlement Class Period.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. Proof of Claim forms must be postmarked or submitted online by ____, 2021 |

EXHIBIT B

| | |
|---|---|
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants or any other Released Parties regarding the legal claims in this case. Requests for Exclusion must be received by _____, 2021 |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. You will still be a member of the Settlement Class. Objections must be received by counsel by _____, 2021 |
| **GO TO THE HEARING** | Ask to speak in Court about the fairness of the Settlement. Requests to speak must be received by counsel by _____, 2021 |
| **DO NOTHING** | Get no payment. Give up your rights. |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form, or any other questions by Settlement Class Members should be directed to:

| | | |
|---|---|---|
| Zynerba Pharmaceuticals, Inc. Securities Litigation c/o Strategic Claims Services P.O. Box 230 600 N. Jackson St., Ste. 205 Media, PA 19063 Telephone: 866-274-4004 Facsimile: 610-565-7985 Email: info@strategicclaims.net | or | Jeremy A. Lieberman Tamar A. Weinrib POMERANTZ LLP 600 Third Avenue, Floor 20 New York, New York 10016 Telephone: (212) 661-1100 Facsimile: (917) 463-1044 Email: jalieberman@pomlaw.com Email: taweinrib@pomlaw.com <br><br> Jacob A. Goldberg THE ROSEN LAW FIRM, P.A. 101 Greenwood Avenue, Suite 440 Jenkintown, PA 19046 Telephone: (215) 600-2817 Fax: (212) 202-3827 Email: jgoldberg@rosenlegal.com |

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated April 30, 2021 (the "Settlement Stipulation").

**BASIC INFORMATION CONCERNING THE SETTLEMENT**

| 1. | **Why did I get the Postcard Notice?** |
|---|---|

You or someone in your family or household may have purchased or otherwise acquired securities of Zynerba between March 11, 2019 and September 17, 2019, both dates inclusive (the "Settlement Class Period").

| 2. | **What is this lawsuit about?** |
|---|---|

This case is known as *Whiteley v. Zynerba Pharmaceuticals, Inc. et al*, Case No. 2:19-cv-04959-NIQA (E.D. Pa.) (the "Action"). The Court handling the case is the United States District Court for the Eastern District of Pennsylvania, located in Philadelphia, Pennsylvania. The Judge assigned is Nitza Quiñones Alejandro. The Action involves allegations that Defendants violated certain federal securities laws by allegedly making misrepresentations and/or omissions of material fact in public statements concerning the safety of Zygel, based on data from Phase II clinical testing. The Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") alleges that the misstatements or omissions artificially inflated the price of Zynerba securities, and that the securities' prices dropped in response to certain subsequent disclosures. Defendants have denied and continue to deny each, any and all allegations of deception, wrongdoing, fault, liability, or damage whatsoever asserted in the Action. The Settlement shall in no event be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts or omissions on the part of Defendants or other Released Parties, or of any infirmity of any defense, or of any damages to the Plaintiffs or any other Settlement Class Member. The Settlement resolves all of the claims in the Action, as well as certain other claims or potential claims, whether known or unknown.

| 3. | **Why is this a class action?** |
|---|---|

In a class action, one or more persons called plaintiffs sue on behalf of all persons who have similar claims. All of the persons with similar claims are referred to as a class. One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. | **Why is there a settlement?** |
|---|---|

Lead Plaintiffs and Defendants do not agree regarding the merits of Lead Plaintiffs' allegations and Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Lead Plaintiffs were to prevail at trial on each claim. The issues on which Lead Plaintiffs and the Defendants disagree include: (1) whether the challenged statements were materially false or misleading or otherwise actionable under federal securities law; (2) whether Defendants had a duty to disclose the allegedly omitted information; (3) whether the Defendants acted in a deceitful manner or otherwise with the requisite scienter; (4) whether the alleged disclosures were corrective disclosures; (5) the causes of the loss in the value of the securities; and (6) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial and the Court has not decided in favor of either Lead Plaintiffs or Defendants. Instead, Lead Plaintiffs and Defendants have agreed to settle the case. Lead Plaintiffs and Co-Lead Counsel believe the Settlement is best for all Settlement Class Members because of the uncertainty, risks, amount of time, and expenses associated with continued litigation and the nature of the defenses raised by the Defendants. Among the reasons that Lead Plaintiffs and Co-

Lead Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they will be able to prove that any challenged statement was false or misleading, that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.  Even if Lead Plaintiffs were to win at trial, Defendants could appeal the case to one or more higher courts.

Even if Lead Plaintiffs were to win at trial, and also prevail on any appeal, Lead Plaintiffs might not be able to collect some, or all, of any judgment they are awarded. Moreover, litigation of this type is usually expensive, and it appears that, even if Lead Plaintiffs' allegations regarding Defendants' purported wrongdoing were found to be true, the total amount of damages to which Settlement Class Members would be entitled could be substantially reduced.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Class Member.

| 5. | **How do I know if I am part of the Settlement?** |
|---|---|

The Settlement Class includes all persons or entities, except those who are excluded as described below, who purchased or otherwise acquired securities of Zynerba between March 11, 2019 and September 17, 2019, both dates inclusive (the "Settlement Class Period").

If one of your mutual funds owns Zynerba securities, that alone does not make you a Settlement Class Member. Also, if you sold Zynerba securities during the Class Period, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you directly purchased or otherwise acquired Zynerba securities during the Class Period. Contact your broker to see if you have made any of these transactions.

| 6. | **Are there exceptions to being included?** |
|---|---|

Yes. Excluded from the Settlement Class are:  (i) the Defendants; (ii) the officers and directors of Zynerba during the Settlement Class Period; (iii) the immediate family members, legal representatives, heirs, successors or assigns of such excluded persons; (iv) any entity in which any Defendant has or had a controlling interest during the Settlement Class Period; and (v) Opt-Outs *i.e.*, those Persons who timely and validly request exclusion from the Settlement Class in accordance with the requirements set forth below.

While you remain a member of the Settlement class, you are excluded from recovering any portion of the Settlement Fund if you have a net profit in purchases and sales of Zynerba common stock or otherwise suffered no compensable damages during the Settlement Class Period.

| 7. | **What if I am still not sure if l am included?** |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at (866) 274-4004 or at info@strategicclaims.net or by visiting the website at https://www.strategicclaims.net, or you can fill out and return the Proof of Claim form enclosed with this Notice package to see if you qualify.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

| 8. | **What does the Settlement provide?** |
|---|---|

The proposed Settlement provides for Defendants' insurer to pay $4,000,000 (the "Settlement Amount") into a settlement fund (the "Settlement Fund"). The Settlement Amount is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees with interest and reasonable litigation expenses to Co-Lead Counsel, and a Compensatory Award to Lead Plaintiffs for their services representing the Settlement Class. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing the Postcard Notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court.

| 9. | **How much will my payment be?** |
|---|---|

Your share of the Net Settlement Fund will depend on several factors, including: (i) how many Zynerba securities you purchased or sold during the Class Period, and the dates and prices of those purchases and sales; (ii) the number of timely and valid claims submitted by other Settlement Class Members, and the purchases and sales of Zynerba securities represented by those claims; (iii) the amount of administrative costs, including the costs of notice; and (iv) the amount awarded by the Court to Co-Lead Counsel for attorneys' fees, costs, and expenses and to Lead Plaintiffs as a Compensatory Award.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's valid "Recognized Loss." The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims. The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement. You can calculate your Recognized Loss by following the instructions in the Plan of Allocation at page 10 of this Notice.

It is unlikely that you will get a payment for the total of your Recognized Loss. After all Settlement Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Loss divided by the total of everyone's Recognized Losses.

**HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM**

| 10. | **How can I get a payment?** |
|---|---|

To qualify for a payment, you must submit a Proof of Claim form. The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

A Proof of Claim form is enclosed with this Notice and may also be downloaded at https://www.strategicclaims.net. Read the instructions carefully, fill out the form, include all the documents that the form requests, sign it, and mail or submit it online so that it is postmarked or

received no later than _____, 2021. The claim form may be submitted online at https://www.strategicclaims.net or mailed to:

Zynerba Pharmaceuticals, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Tel.:  866-274-4004
Fax:  610-565-7985
info@strategicclaims.net

| 11. | **When would I get my payment?** |
|---|---|

The Court will hold a Settlement Hearing on ____, 2021 at _____ to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals afterwards. It is always uncertain how these appeals will be resolved, and the amount of time any resolution will take, with some appeals taking more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 12. | **What am I giving up to get a payment or to stay in the Class?** |
|---|---|

Unless you exclude yourself from the Settlement Class by the _____, 2021 deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against Defendants and other Released Parties if the Settlement is approved. That means you and all other Settlement Class Members and each of their respective present, former and future direct and indirect parent entities, associates, affiliates, subsidiaries, predecessors, successors, and the officers, directors, attorneys, assigns, legal representatives, and agents of each of them, each of their respective officers, directors, attorneys, legal representatives, and agents, and any person or entity which is or was related to or affiliated with any Releasing Party or in which any Releasing Party has a controlling interest, and each of their immediate family members, heirs, representatives, administrators, executors, trustees, successors, assigns, devisees, legatees, and estates will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) as against Defendants and other Released Parties any and all Released Claims Against Defendants. It means that all of the Court's orders will apply to you and legally bind you. That means you will accept a share of the Net Settlement Fund as sole compensation for any losses you suffered in the purchase, acquisitions, sale or ownership of Zynerba securities during the Settlement Class Period. The specific terms of the release, including the nature of all claims that are being released, are included in the Settlement Stipulation. Information about how to access a copy of the Settlement Stipulation is included below.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you do not want a payment from this Settlement and you want to keep any right you may have to sue or continue to sue Defendants or other Released Parties on your own about the claims being released in this Settlement, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself, or "opting out," from the Settlement Class.

| 13. | **How do I get out of the proposed Settlement?** |
|---|---|

To exclude yourself from the Settlement Class, you must mail a letter stating that you "request exclusion from the Settlement Class in the *Whiteley v. Zynerba Pharmaceuticals, Inc. et al*, Case No. 2:19-cv-04959-NIQA (E.D. Pa.)". To be valid, the letter must state (A) your name, address, telephone number, and e-mail address (if any); (B) the date, number of shares, and dollar amount of all purchases, acquisitions, sales, or dispositions of Zynerba securities made by you or someone acting on your behalf during the Class Period; and (C) the number of shares of Zynerba securities held by you as of March 11, 2019 and September 17, 2019. Any request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must submit your exclusion request by mail so that it is **received no later than _____, 2021 at**:

Zynerba Pharmaceuticals, Inc. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

You cannot exclude yourself from the Settlement Class by telephone or by e-mail. If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the judgment in this case.

| 14. | **If I do not exclude myself, can I sue the Defendants or the other Released Parties for the same thing later?** |
|---|---|

No. Unless you exclude yourself by following the instructions above, you give up any rights to sue the Defendants or the other Released Parties for the claims being released in this Settlement. If you have a pending lawsuit against the Released Parties or related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit.  Remember, the exclusion deadline is _____, **2021.**

| 15. | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No. If you exclude yourself, you may not send in a Proof of Claim to ask for any money.

**THE LAWYERS REPRESENTING YOU**

| 16. | **Do I have a lawyer in this case?** |
|---|---|

The Court has appointed Pomerantz LLP and the Rosen Law Firm, P.A., as Co-Lead Counsel, with Bronstein, Gewirtz & Grossman, LLC being additional counsel to the Class, to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for Pomerantz LLP and the Rosen Law Firm, P.A. is provided below.

| 17. | **How will the lawyers be paid?** |
|---|---|

Co-Lead Counsel have expended considerable time litigating this Action on a contingent-fee basis, and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Co-Lead Counsel have worked on this case with the expectation that, if they are successful in recovering money for the Settlement Class,

they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Co-Lead Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Co-Lead Counsel will file a motion at the Settlement Hearing asking the Court for an award of attorneys' fees in an amount not greater than one-third of the Settlement Fund, equaling $1,333,333.33 plus interest, plus reimbursement of litigation expenses of no more than $150,000 and a Compensatory Award to Lead Plaintiffs collectively not to exceed $15,000 (or $7,500 each). The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

| 18. | **How do I tell the Court that I object to the proposed Settlement?** |
|---|---|

If you are a Class Member, you can tell the Court you do not agree with the proposed Settlement, any part of the Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and expenses and application for a Compensatory Award to Lead Plaintiffs. You can write to the Court setting out your objection. The Court will consider your views.

To object, you must send a signed letter saying that you object to the proposed Settlement in the *Whiteley v. Zynerba Pharmaceuticals, Inc. et al*, Case No. 2:19-cv-04959-NIQA (E.D. Pa.). Be sure to include (1) your name, address, telephone number, and your signature; (2) the date(s), price(s), and amount(s) of all Zynerba securities that you purchased, otherwise acquired, sold, or otherwise disposed of during the Settlement Class Period, in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel, (4) the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.

Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing must indicate in their written objection that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

Be sure to mail or deliver copies of any objections, papers and briefs to **each** of the addresses listed below such that they are **received no later than ____, 2021:**

| Clerk of the Court | Co-Lead Counsel | Counsel For Defendants |
|---|---|---|
| United States District Court<br>Eastern District of Pennsylvania<br>601 Market Street, Room 2609<br>Philadelphia, PA 19106 | Jeremy A. Lieberman<br>Tamar A. Weinrib<br>POMERANTZ LLP<br>600 Third Avenue, Floor 20<br>New York, NY 10016<br><br>Jacob A. Goldberg<br>THE ROSEN LAW FIRM, P.A.<br>101 Greenwood Avenue, Suite 440<br>Jenkintown, PA 19046 | David Kistenbroker<br>DECHERT LLP<br>35 West Wacker Drive, Suite 3400<br>Chicago, IL 60601<br><br>Michael S. Doluisio<br>DECHERT LLP<br>Cira Centre, 2929 Arch Street<br>Philadelphia, PA 19104<br>michael.doluisio@dechert.com |

---

**19.    What is the difference between objecting and excluding myself?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend, and you may ask to speak, but you do not have to.

---

**20.    When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a Settlement Hearing on ____, 2021 at _____ at the United States District Court for the Eastern District of Pennsylvania, 8613 U.S. Courthouse, Courtroom 8-B, Philadelphia, PA, 19106.

At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; whether an Order and Final Judgment as provided in the Settlement Stipulation should be entered; and whether the proposed Plan of Allocation should be approved. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much should be awarded to Co-Lead Counsel for attorneys' fees and expenses and a Compensatory Award to Lead Plaintiffs for their service to the Settlement Class.

We do not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members. If you want to attend the hearing, you should check with Co-Lead Counsel beforehand to be sure that the date and/or time has not changed.

| 21. | **Do I have to come to the hearing?** |
|---|---|

No. Co-Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | **May I speak at the hearing?** |
|---|---|

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (see question 18 above) a statement that you "intend to appear in the *Whiteley v. Zynerba Pharmaceuticals, Inc. et al*, Case No. 2:19-cv-04959-NIQA (E.D. Pa.)." Persons who intend to object to the Settlement, the Plan of Allocation, the application for an award of attorneys' fees, costs, and expenses, and/or the Compensatory Award to Lead Plaintiffs and desires to present evidence at the Settlement Hearing, must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you exclude yourself.

**IF YOU DO NOTHING**

| 23. | **What happens if I do nothing at all?** |
|---|---|

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Parties about the Released Claims (as defined in the Settlement Stipulation) ever again.

**GETTING MORE INFORMATION**

| 24. | **Are there more details about the proposed Settlement?** |
|---|---|

This Notice summarizes the proposed Settlement. More details are in the Settlement Stipulation. The Settlement Stipulation is the controlling document describing the proposed Settlement, and its terms govern anything to the contrary in this Notice. You can get a copy of the Settlement Stipulation and obtain answers to common questions regarding the proposed Settlement by visiting https://www.strategicclaims.net or by contacting the Claims Administrator toll-free at (866) 274-4004.

| 25. | **How do I get more information?** |
|---|---|

For even more detailed information concerning the matters involved in this Action, see the Settlement Stipulation, the pleadings in the Action, the papers filed in support of the Settlement, and the orders entered by the Court, which will be posted on the settlement website https://www.strategicclaims.net. For a fee, all papers filed in this Action are also available at www.pacer.gov.

**SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES**

EXHIBIT B

If, between March 11, 2019, and September 17, 2019, both dates inclusive, you purchased, otherwise acquired, or sold Zynerba securities for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name, last known address, and email address, if an email address is available, of each person or organization for whom or which you purchased such Zynerba securities during such time period; (b) request an electronic copy of the Publication Notice or a link to the Notice and Proof of Claim and Release Form and email the Publication Notice or link to the Notice and Proof of Claim and Release Form in electronic format to each beneficial owner for whom you are nominee or custodian within ten (10) days after receipt thereof; or (c) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within ten (10) days of receipt, mail the Postcard Notice directly to the beneficial owners of the Zynerba securities. If you choose to follow alternative procedures (b) or (c), the Court has directed that, upon such mailing or emailing, you send a statement to the Claims Administrator confirming that the mailing or emailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to a maximum of $0.05 plus postage at the pre-sort postage rate used by the Claim Administrator per Postcard Notice mailed; $0.05 per emailed notice; or $0.05 per name, address, and email address provided to the Claims Administrator. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 3 above.

## PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the Recognized Loss formula described below. A Recognized Loss will be calculated for each share of Zynerba common stock purchased or otherwise acquired during the Class Period.[1] Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, https://www.strategicclaims.net.

The Plan of Allocation was created with the assistance of a consulting damages expert, and reflects the assumption that the prices of Zynerba common stock were artificially inflated throughout the Class Period. The computation of the estimated alleged artificial inflation in the prices of Zynerba common stock during the Class Period is based on certain misrepresentations alleged by Lead Plaintiffs and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiffs. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph. If, however, the amount in the Net Settlement Fund

---

[1] During the Class Period, Zynerba common stock was listed on the Nasdaq exchange under the ticker symbol "ZYNE."

12

is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

Federal securities laws allow investors to recover for losses caused by disclosures which corrected the defendants' previous misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, Zynerba common stock purchased or otherwise acquired during the Class Period must have been held during a period of time in which its price declined due to the alleged disclosure of information which corrected an allegedly misleading statement or omission. Lead Plaintiffs and Co-Lead Counsel have alleged that such a price decline occurred on September 18, 2019 (the "Corrective Disclosure Date"). Accordingly, if a share of Zynerba common stock was sold before September 18, 2019, the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws.[2]

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Zynerba common stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Zynerba common stock purchased during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and the average price of Zynerba common stock during the 90-Day Lookback Period. The Recognized Loss on Zynerba common stock purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and the rolling average price of Zynerba common stock during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.

### Calculation of Recognized Loss Per Share of Zynerba Common Stock

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. Recognized Losses will be calculated as follows:

I)      For Zynerba common shares purchased between March 11, 2019 and June 6, 2019, inclusive, the Recognized Loss shall be calculated as follows:
>    A.  For shares retained at the close of trading on December 16, 2019, the Recognized Loss shall be the lesser of:

---

[2] Any transactions in Zynerba common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

(i)     \$0.74 per share[3]; or

(ii)    the difference between the purchase price per share and \$7.14 per share[4].

B. For shares sold on or before September 17, 2019, the Recognized Loss per share shall be \$0.00.

C. For shares sold between September 18, 2019 and December 16, 2019, inclusive, the Recognized Loss shall the lesser of:

i)     \$0.74 per share: or

ii)    the difference between the purchase price per share and the average closing price per share as of date of sale provided in table A below.

II)     For Zynerba common shares purchased between June 7, 2019 and September 17, 2019, inclusive, the Recognized Loss shall be calculated as follows:

A. For shares retained at the close of trading on December 16, 2019, the Recognized Loss shall be the lesser of:

(i)     \$2.45 per share; or

(ii)    the difference between the purchase price per share and \$7.14 per share.

B. For shares sold on or before September 17, 2019, the Recognized Loss per share shall be \$0.00.

C. For shares sold between September 18, 2019 and December 16, 2019, inclusive, the Recognized Loss shall be the lesser of:

i)     \$2.45 per share: or

ii)    the difference between the purchase price per share and the average closing price per share as of date of sale provided in Table A below.

## Table A

| Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|---|
| 9/18/2019 | \$8.84 | \$8.84 | | 11/1/2019 | \$7.48 | \$7.91 |

---

[3] This represents 30% of the maximum inflation during the Class Period.

[4] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." \$7.14 per share was the mean (average) daily closing trading price of the Company's common shares during the 90-day period beginning on September 18, 2019 and ending on December 16, 2019.

| Date | | | Date | | |
|---|---|---|---|---|---|
| 9/19/2019 | $8.45 | $8.65 | 11/4/2019 | $7.44 | $7.90 |
| 9/20/2019 | $8.26 | $8.52 | 11/5/2019 | $7.13 | $7.88 |
| 9/23/2019 | $8.12 | $8.42 | 11/6/2019 | $6.74 | $7.85 |
| 9/24/2019 | $7.74 | $8.28 | 11/7/2019 | $6.45 | $7.81 |
| 9/25/2019 | $7.67 | $8.18 | 11/8/2019 | $6.43 | $7.77 |
| 9/26/2019 | $7.93 | $8.14 | 11/11/2019 | $6.81 | $7.75 |
| 9/27/2019 | $7.73 | $8.09 | 11/12/2019 | $6.53 | $7.72 |
| 9/30/2019 | $7.56 | $8.03 | 11/13/2019 | $6.41 | $7.69 |
| 10/1/2019 | $7.36 | $7.97 | 11/14/2019 | $6.11 | $7.65 |
| 10/2/2019 | $7.26 | $7.90 | 11/15/2019 | $6.38 | $7.62 |
| 10/3/2019 | $7.86 | $7.90 | 11/18/2019 | $6.17 | $7.59 |
| 10/4/2019 | $7.70 | $7.88 | 11/19/2019 | $6.38 | $7.56 |
| 10/7/2019 | $7.72 | $7.87 | 11/20/2019 | $6.55 | $7.54 |
| 10/8/2019 | $7.75 | $7.86 | 11/21/2019 | $6.73 | $7.52 |
| 10/9/2019 | $7.60 | $7.85 | 11/22/2019 | $6.31 | $7.50 |
| 10/10/2019 | $7.44 | $7.82 | 11/25/2019 | $6.55 | $7.48 |
| 10/11/2019 | $7.49 | $7.80 | 11/26/2019 | $6.52 | $7.46 |
| 10/14/2019 | $7.63 | $7.79 | 11/27/2019 | $6.42 | $7.44 |
| 10/15/2019 | $7.92 | $7.80 | 11/29/2019 | $6.33 | $7.42 |
| 10/16/2019 | $7.96 | $7.81 | 12/2/2019 | $6.16 | $7.39 |
| 10/17/2019 | $8.36 | $7.83 | 12/3/2019 | $6.03 | $7.37 |
| 10/18/2019 | $8.05 | $7.84 | 12/4/2019 | $5.97 | $7.34 |
| 10/21/2019 | $8.57 | $7.87 | 12/5/2019 | $5.65 | $7.31 |
| 10/22/2019 | $8.01 | $7.88 | 12/6/2019 | $5.63 | $7.28 |
| 10/23/2019 | $8.34 | $7.90 | 12/9/2019 | $5.71 | $7.25 |
| 10/24/2019 | $8.45 | $7.92 | 12/10/2019 | $5.74 | $7.23 |
| 10/25/2019 | $8.15 | $7.93 | 12/11/2019 | $5.61 | $7.20 |
| 10/28/2019 | $8.14 | $7.93 | 12/12/2019 | $5.75 | $7.18 |
| 10/29/2019 | $7.84 | $7.93 | 12/13/2019 | $5.71 | $7.15 |
| 10/30/2019 | $8.06 | $7.93 | 12/16/2019 | $6.48 | $7.14 |
| 10/31/2019 | $7.76 | $7.93 | | | |

**INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS**

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

To the extent a Claimant had a trading gain or "broke even" from his, her or its overall transactions in Zynerba shares during the Settlement Class Period, the value of the Recognized Loss will be zero and the Claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a Claimant suffered a trading loss on his, her or its overall transactions in Zynerba

shares during the Class Period, but that trading loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the Claimant's actual trading loss.

A purchase or sale of Zynerba common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Settlement Class Member acquired Zynerba common stock during the Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that Zynerba common stock were originally purchased prior to commencement of the Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

Notwithstanding any of the above, receipt of Zynerba common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Zynerba common stock.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against Zynerba common stock held as of the close of trading on March 10, 2019 (the last day before the Class Period begins) and then against the purchases of Zynerba common stock during the Class Period. On the Proof of Claim and Release Form enclosed with this Notice, you must provide all of your purchases, acquisitions, and sales of Zynerba common shares during the time period from March 11, 2019 through and including December 16, 2019.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in Zynerba common stock, the earliest Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

With respect to Zynerba common stock purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the closing price of Zynerba common stock on the date of exercise. Any Recognized Loss arising from purchases of Zynerba common stock acquired during the Class Period through the exercise of an option on Zynerba common stock[5] shall be computed as provided for other purchases of Zynerba Common stock in the Plan of Allocation.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Co-Lead Counsel or the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Settlement Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.  Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with

---

[5] Including (1) purchases of Zynerba common stock as the result of the exercise of a call option, and (2) purchases of Zynerba common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

respect to the Claimant's Proof of Claim form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

Settlement Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. The Settlement Stipulation and the Order and Final Judgment dismissing this Action will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

Please contact the Claims Administrator or Plaintiffs' Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Co-Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis*, and such remaining balance will then be distributed to a non-sectarian, not-for-profit organization identified by Co-Lead Counsel and approved by the Court.

DATED:

_____
BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA