## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT WHITELEY and HARRY BERGER, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZYNERBA PHARMACEUTICALS, INC., ARMANDO ANIDO, and JAMES E. FICKENSCHER,<br><br>Defendants. | Case No: 2:19-cv-04959-NIQA<br><br><br>**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTIONS FOR: (1) FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION; AND (2) AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS TO LEAD PLAINTIFFS**<br><br>Hon. Nitza I. Quiñones Alejandro |

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ................................................................................. 1

II.     ARGUMENT ......................................................................................................... 3

      A.      The Reaction of the Class Supports Approval of the Settlement and the Plan of Allocation ................................................................................3

      B.      The Reaction of the Class Supports Approval of the Requests for an Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Awards to Lead Plaintiffs .............................................4

III.    CONCLUSION ..................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Ehrheart v. Verizon Wireless*,
  609 F.3d 590 (3d Cir. 2010)............................................................................................. 3

*In re Cell Pathways, Inc., Sec. Litig. II*,
  No. 01-CV-1189, 2002 WL 31528573 (E.D. Pa. Sept. 23, 2002) ................................... 4

*In re Genta Sec. Litig.*,
  No. CIV. A. 04-2123 JAG, 2008 WL 2229843 (D.N.J. May 28, 2008)............................... 3, 4

*In re Hemispherx Biopharma, Inc., Sec. Litig.*,
  No. CV 09-5262, 2011 WL 13380384 (E.D. Pa. Feb. 14, 2011)...................................... 4

*In re Orthopedic Bone Screw Prod. Liab. Litig.*,
  176 F.R.D. 158 (E.D. Pa. 1997)...................................................................................... 3

*In re Signet Jewelers Ltd. Sec. Litig.*,
  No. 1:16-CV-06728-CM-SDA, 2020 WL 4196468 (S.D.N.Y. July 21, 2020) ........................ 4

*In re Telik, Inc. Sec. Litig.*,
  576 F. Supp. 2d 570 (S.D.N.Y. 2008)............................................................................. 4

*Maher v. Zapata Corp.*,
  714 F.2d 436 (5th Cir. 1983) ......................................................................................... 4

*Nichols v. SmithKline Beecham Corp.*, No. CIV.A.0,
  0-6222, 2005 WL 950616 (E.D. Pa. Apr. 22, 2005)....................................................... 3

*Petrovic v. Amoco Oil Co.*,
  200 F.3d 1140 (8th Cir. 1999) ....................................................................................... 4

*Serio v. Wachovia Sec., LLC*,
  No. CIV.A. 06-4681(MF), 2009 WL 900167 (D.N.J. Mar. 31, 2009) ............................ 3

*Stoetzner v. U.S. Steel Corp.*,
  897 F.2d 115 (3d Cir. 1990)............................................................................................ 3

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
  396 F.3d 96 (2d Cir. 2005).............................................................................................. 4

**Rules**

Rule 23(e) of the Federal Rules ............................................................................................ 1

Pursuant to Rule 23(e) of the Federal Rules of Civil Final Approval of Settlement and Plan of Allocation Procedure, Lead Plaintiffs Scott Whitely and Harry Berger ("Plaintiffs"), respectfully submit this reply memorandum of law in further support of the Motions for: (1) Final Approval of Class Action Settlement, and Final Determination that Class Certification For Settlement Purposes is Appropriate (Dkt. No. 45); and (2) An Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Awards to Lead Plaintiffs (Dkt. No. 46).

## I.   PRELIMINARY STATEMENT[1]

In response to a full notice program, no member of the Settlement Class has objected either to final approval and the plan of allocation or to Plaintiffs' request for attorneys' fees, reimbursement of out-of-pocket expenses and compensatory awards to Lead Plaintiffs. Only one member of the Settlement Class submitted a valid request for exclusion, representing 9 shares out of approximately 23.2 million shares outstanding as of September 17, 2019, the last day of the Class Period. The reaction of the Settlement Class supports this Court's granting, in whole, the relief Plaintiffs seek.

In moving for final approval of the Settlement, Plaintiffs advised the Court that the Claims Administrator, Strategic Claims Services ("SCS"), mailed the Postcard Notice to 24,807 to potential Settlement Class Members or nominees. *See* Declaration of Sarah Evans Concerning: (A) Mailing of the Postcard Notice; (B) Publication of the Publication Notice; and (C) Report on Requests for Exclusion and Objections ("Evans Decl.") (Dkt. No. 97-2), ¶6. SCS was notified by one of the Nominee Account Holders that they emailed a total of 15,805 of their customers to notify them of this settlement and to provide either the Publication Notice or to provide direct links

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings provided in the Stipulation of Settlement dated April 30, 2021 (the "Stipulation") (ECF. No. 43).

1

to the Long Notice and Claim Form on the Settlement webpage. *Id*., ¶7. SCS had also received 100 names and email addresses of potential Settlement Class Members from a Nominee Account Holder to whom SCS emailed links to the Long Notice and Claim Form. *Id*. Since the filing of the Evans Declaration, an additional 74 email notifications have been sent; a total of 15,979 email notifications have been sent to date. *See* Supplemental Declaration of Sarah Evans Concerning: (A) Mailing of the Postcard Notice; and (B) Report on Requests For Exclusion and Objections ("Supplemental Evans Decl."), ¶4, filed concurrently herewith as Exhibit 1. Additionally, the Publication Notice was disseminated electronically over *GlobeNewswire* and printed in *Investor's Business Daily* on June 7, 2021. Evans Decl., ¶10. On May 28, 2021, SCS also established a webpage dedicated to the Settlement which included the online claim filing link and important documents including the Long Notice, Claim Form, Preliminary Approval Order, and the Stipulation and exhibits. *Id*., ¶12.

The July 30, 2021 claims filing deadline and the August 10, 2021 deadline for objections and exclusions have now passed. To date, there have been 2,508 claims submitted by potential Settlement Class Members. *See* Supplemental Evans Decl., ¶8.

**Objections:** To date, neither SCS nor the Co-Lead Counsel have received any objection to the Settlement, any part of the Settlement, the proposed Plan of Allocation, and/or to Co-Lead Counsel's motion for An Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Awards to Lead Plaintiffs. Supplemental Evans Decl., ¶9.

**Exclusions:** In response to this extensive notice program, since the filing of the Evans Declaration, SCS has received two requests for exclusion, one of which is valid and the other of which is invalid. Supplemental Bravata Decl. ¶8. The invalid request, submitted by Mr. Ross Cellamare, is not an eligible exclusion request because he has a trading gain on his overall

transactions in Zynerba common stock during the Settlement Class Period, and he therefore have no compensable damages under the Plan of Allocation for the Settlement. *Id.* Copies of the requests for exclusion are attached hereto as Exhibit A to Supplemental Evans Declaration.

For the following additional reasons, therefore, the Court should grant the relief Plaintiffs seek.

## II.    ARGUMENT

### A.    The Reaction of the Class Supports Approval of the Settlement and the Plan of Allocation

There is a "strong presumption in favor of voluntary settlement agreements," which is "especially strong in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation." *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 594–95 (3d Cir. 2010) (citations omitted).

The lack of any objection to the Settlement, any part of the Settlement or the proposed Plan of Allocation and one valid request for exclusion demonstrate the Class's positive reaction to the Settlement, supporting final approval of the Settlement. *See Stoetzner v. U.S. Steel Corp.*, 897 F.2d 115, 118–19 (3d Cir. 1990) (Twenty-nine objections out of 281 class members "strongly favors settlement"); *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 176 F.R.D. 158, 185 (E.D. Pa. 1997) ("the relatively low objection rate 'militates strongly in favor of approval of the settlement.'"); *Nichols v. SmithKline Beecham Corp.*, No. CIV.A.00-6222, 2005 WL 950616, at \*21 (E.D. Pa. Apr. 22, 2005) (six objections to the settlement including three objections to fee request is "extremely small" and supports approval of the settlement and attorneys' fees); *In re Genta Sec. Litig.*, No. CIV. A. 04-2123 JAG, 2008 WL 2229843, at \*2 (D.N.J. May 28, 2008) ("it is beyond dispute that the Settlement Class' reaction is favorable" when only eight objections received); *Serio v. Wachovia Sec., LLC*, No. CIV.A. 06-4681(MF), 2009 WL 900167, at \*7 (D.N.J. Mar. 31,

3

2009) ("low percentage of objections is evidence, in and of itself, that the Settlement should be approved because the class believes the settlement is fair."); *In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-CV-06728-CM-SDA, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) (the lack of objections from institutional investors supports final approval as "[i]nstitutional investors are often sophisticated and possess the incentive and ability to object."); *Maher v. Zapata Corp.*, 714 F.2d 436, 456 (5th Cir. 1983) (holding that the "minimal nature of shareholder objection" favors approval of settlement); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 118 (2d Cir. 2005) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement."); *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1152 (8th Cir. 1999) (approving settlement where "fewer than 4 percent of the class members objected to the settlement").

> **B.    The Reaction of the Class Supports Approval of the Requests for an Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Awards to Lead Plaintiffs**

The lack of any objection to Co-Lead Counsel's motion for Attorneys' Fees, Reimbursement of Expenses, and Compensatory Awards to Lead Plaintiffs from the Class supports the appropriateness of the awards. *In re Hemispherx Biopharma, Inc., Sec. Litig.*, No. CV 09-5262, 2011 WL 13380384, at *8 (E.D. Pa. Feb. 14, 2011) ("The miniscule number of objections here— only two—supports the reasonableness of the proposed award."); *Genta*, 2008 WL 2229843, at *9 ("the lack of meritorious objections … favors awarding the requested attorneys' fee."); *In re Cell Pathways, Inc., Sec. Litig. II*, No. 01-CV-1189, 2002 WL 31528573, at *9 (E.D. Pa. Sept. 23, 2002) (noting one objection to fee request demonstrates "that the class views the settlement as a success."); *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 594 (S.D.N.Y. 2008) ("That only one objection to the fee request was received is powerful evidence that the requested fee is fair and reasonable.").

Thus, following the extensive notice program undertaken in accordance with this Court's Preliminary Approval Order, the lack of any objection from the Class strongly supports the fairness and reasonableness of the Settlement, Plan of Allocation, and request for attorneys' fees, expenses and Award to Plaintiffs.

### III.    CONCLUSION

For the reasons set forth herein, the initial memoranda of law, and declarations in support of the motions, Plaintiffs and Co-Lead Counsel respectfully request that the Court grant the motion for Final Approval of Class Action Settlement, and Final Determination that Class Certification for Settlement Purposes is Appropriate and the motion for Attorneys' Fees, Reimbursement of Expenses, and Compensatory Awards to Lead Plaintiffs. An updated proposed Final Judgment and Order of Dismissal with Prejudice reflecting the two requests for exclusions submitted since Plaintiffs' Monition for Final Approval of Class Action Settlement, and Final Determination that Class Certification For Settlement Purposes is Appropriate is currently filed herewith as Exhibit 2.

Dated: August 24, 2021                                Respectfully submitted,

**ROSEN LAW FIRM**

/s/ Jacob A. Goldberg
Jacob A. Goldberg
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046 Telephone:
Telephone: (215) 600-2817
Facsimile: (212) 202-3827
Email: jgoldberg@rosenlegal.com


Jing Chen
**ROSEN LAW FIRM**
275 Madison Avenue, 40th floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: jchen@rosenlegal.com

5

**POMERANTZ LLP**
Jeremy A. Lieberman
Tamar A. Weinrib
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
Email: jalieberman@pomlaw.com
       taweinrib@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 229-8811
Email: pdahlstrom@pomlaw.com

*Co-Lead Counsel for Lead Plaintiffs and the*
*Proposed Settlement Class*

**BRONSTEIN, GEWIRTZ**
**& GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional Counsel for Lead Plaintiffs and*
*the Proposed Settlement Class*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this on August 24, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Jacob A. Goldberg
Jacob A. Goldberg